## MOORE v. HATFIELD & SMITH.

1. Under the act of 1839, which allows the oath of the plaintiff to be received in suits upon accounts not exceeding one hundred dollars, the deposition of the plaintiff may be taken, under circumstances that will authorise the taking the deposition of any other witness.

Writ of error to the Circuit Court of Marengo county.

ACTION of *assumpsit* on the common counts. The pleas of the defendants do not appear in the transcript; but the case was submitted to a jury as on issue joined, and a verdict was returned for the plaintiff, on which judgment was rendered.

A bill of exceptions was taken by the defendant, during the progress of the trial, from which it appears that the deposition of one of the plaintiffs was taken by interrogatories to prove the demand, which was an account less than one hundred dollars. The deposition was excepted to, on the ground that it was the deposition of one of the plaintiffs. This was overruled, and the defendant excepted. Some other exceptions were likewise taken, but were not urged.

PECK, for the plaintiff in error.
HUNTINGTON, contra.

GOLDTHWAITE, J.—This case involves the construc-

Moore *v.* Hatfield & Smith.

tion of one of the sections of an act, to regulate judicial proceedings, passed in January, 1839. It is in these terms: "In all suits to be commenced upon accounts, for a sum not exceeding one hundred dollars, the oath of the plaintiff shall be received as evidence of the demand, unless the same be controverted by the oath of the defendant; but this section shall not apply to the case of executors and administrators, trustees and guardians when sued."

This is a remedial statute, and although in derogation of the common law, is not for that reason, to be construed in such a manner as to limit or restrain its beneficial effects.

We cannot presume the intention to be, that those who are in health and able to attend the Courts of the country in person, are alone to be permitted to avail themselves of its provisions; nor is it reasonable to suppose our Legislature so churlish as to make a rule entirely for the benefit of residents, when the amendment of the law, could with equal propriety be extended to those residing elsewhere. We think the reasonable construction of the statute, is to make the plaintiff a *witness* to prove the account, and that his deposition may be taken, under circumstances which will authorise the deposition of any other witness. We yield, the more readily to this view, because no difficulties can arise from adopting such a practice, as in cases where the deposition is taken, the defendant will necessarily have notice of the manner by which it is contemplated to prove the account; a notice which he would otherwise not receive, as the statute evidently contemplates that the plaintiff may be sworn, whether the defendant is or is not present.

Let the judgment be affirmed.