## YARBOROUGH v. HOOD.

1. If, in answer to the usual concluding interrogatory put to a witness, to state any thing he may know favorable to the party taking his deposition, he discloses material matter, bearing on the question touching which he is examined, it cannot be rejected, on the ground that such answer was not specially called for. But if the answer could exert no influence upon the decision of the question, or point submitted to the jury, it may be rejected by the court.

2. When the plaintiff is offered as a witness under the statute, he cannot be confined to the statement merely, that the account, or each item of it, is just; but may prove all the facts and circumstances connected with it. When the defendant is offered as a witness, he is confined to a denial of the whole, or a portion of the statement of the plaintiff.

3. Parol proof of the entry of land, is not admissible, unless a sufficient reason is shown for admitting the secondary evidence.

Writ of Error to the County Court of Randolph.

THIS suit was commenced before a justice of the peace, and after judgment thereon was rendered, it was removed to the county court of Randolph. The facts, so far as they are necessary to be shown, may be thus stated. The plaintiff in error examined two witnesses, upon interrogatories, and the last interrogatory exhibited to the witnesses was, "state all you know that will benefit the plaintiff, as fully as if you were thereto specially interrogated." One of the witnesses, in reply to this interrogatory, stated facts that the defendant objected to, on the ground that they were not responsive to the interrogatory. The facts stated in reply to this interrogatory, were, that the witness had conversed frequently with the defendant, about the contract, and the settlement, and that the defendant agreed, as he had not paid the plaintiff any interest on the four hundred dollars, which amounted to about eighteen dollars, that he was willing to pay plaintiff for his improvement on the public land, and also to move off of the land he had agreed to purchase, and

he did move off in the early part of 1844; and witness never heard the defendant say a word against complying with his contract until August, 1844. The motion was sustained, and this answer was suppressed.

The plaintiff was then offered to prove the correctness of his account, and the counsel for the plaintiff proposed to examine him as to all the facts and circumstances touching each item of the account; but this the court refused to allow, and would only permit him to be asked if each item was just; to this the plaintiff excepted. The defendant was then sworn to controvert the oath of the plaintiff, and the plaintiff proposed to examine him as to the facts and circumstances of each item of the account, but this the court refused, and would only permit him to be asked if the items were just, or unjust; which was excepted to.

The defendant then introduced witnesses to prove, what the witnesses examined on interrogatories, had said about the defendant, in the year 1845, and what was the state of their feelings towards him; to this the plaintiff objected, but the objection was overruled. The testimony tended to show, that in 1840, the plaintiff sold the defendant a tract of land, and that in the latter part of 1842, or the first of 1843, this contract was rescinded, and at the time of the rescission of the contract, the plaintiff rented to the defendant the farm, and also sold him some improvements on a piece of public land, adjoining the farm. A part of the plaintiff's account was for a part of the public land above alluded to, which was sowed in wheat. The defendant offered to prove by parol, that a part of the public land sowed in wheat, was entered by one Hefflin, before the wheat was gathered; and that Hefflin took possession of it in May, with the consent of the defendant, and that from that time the defendant had recognized Hefflin as his landlord, as to the part entered by him, but had not paid rent, either to Hefflin or the plaintiff. The plaintiff objected to the admission of the parol evidence of the entry of the land by Hefflin, which objection was overruled.

The defendant served a notice on the plaintiff, to produce on the trial, a letter written by the plaintiff to the defendant, or parol evidence of its contents would be given. There was

23

no proof that the letter was in the possession of the plaintiff, or under his control, but there was proof to show, that the defendant had used it in evidence in another trial, between the plaintiff and the defendant, before a justice of the peace in Tallapoosa county, and the defendant being sworn, stated that the last time he had seen the letter, was on the trial before alluded to, but that he had inquired for it, and it could not be found, and he believed it was lost. The plaintiff's counsel stated on oath, that he had seen the letter on file in the circuit court of Tallapoosa county. Under these circumstances, a witness was permitted to give evidence of the contents of the letter; the plaintiff objected.

· The court charged the jury, that unless the plaintiff had satisfied them, that the defendant had made an express promise to pay the plaintiff rent for the land during the time he held it, under the purchase, that the plaintiff could not recover rent for such time, although the contract was rescinded, and that an implied promise was insufficient to authorize a recovery of rent for such time. And the court further charged, in relation to the public land, that an express promise was necessary to enable the plaintiff to recover rent upon it, and that an implied promise was insufficient, although the plaintiff had sold him the improvements, and the defendant was the tenant of the United States, and not the tenant of the plaintiff. That if they believed the land was entered by Hefflin, before the wheat was gathered, and that he had taken possession of it with the consent of the defendant, the plaintiff could not recover for that portion. These charges were excepted to.

The errors assigned are—

1. The court suppressed the answer to the last direct interrogatory.

2. The court erred in not allowing the plaintiff to speak of the particular circumstances under which each item of the account was created; and in not permitting the plaintiff to examine the defendant as to the circumstances of each item of the account.

3. The court erred in permitting the statements of the plaintiff's witnesses, about the defendant, made in 1845, to go to the jury to discredit them.

4. In permitting parol proof to be given of the entry of the land by Hefflin.

5. In permitting the witness to testify as to the contents of the letter.

6. The court erred in the charges given to the jury.

FALKNER, for the plaintiff in error.

The 6th direct interrogatory is, under the practice of this State, usual, and is in itself unobjectionable. The answer to it applies to the same matters about which the witness was examined, both on the direct and cross interrogatories, and should not have been excluded from the jury.

The court should have allowed the plaintiff to have stated the *facts*, and particular circumstances in relation to his account, as this only is evidence, the court therefore erred in only suffering him to state his conclusion. The same rule applies to the defendant. The statute makes the plaintiff a *witness*. See Moore v. Hatfield & Smith, 3 Ala. R. 442.

The interrogatories were answered 4th July, 1846, the question in the 7th cross interrogatory relates to that time. What the witnesses may have said in 1845, was improper evidence to discredit them, they not being examined on that subject, neither time, place, persons spoken to, nor words being given in the examination. Lewis v. Post & Main, 1 Ala. R. 65; The State v. Martin, 2 Ib. 43.

The purchase of the land from the United States, by Hefflin, was a matter (if true) about which there was written evidence, parol proof was therefore inadmissible. And Hefflin taking possession of the land by the consent of the defendant, did not excuse defendant from the performance of his contract with plaintiff. Rinaldi v. Rivers, 1 Stew. 174; Cloud v. Patterson, Ib. 394, and cases noted; Mordecai v. Beal, 8 Porter, 529.

L. E. PARSONS, for defendant in error.

1. The answer to the last interrogatory was properly excluded, because the fact was not communicated to the defendant below, and because the answer is not responsive to any interrogatory, so as to be cross-examined.

2. The statute authorizes the plaintiff to make oath to

the justice of his account; and the defendant may controvert it in the same manner. It must then be established by the usual proof.

DARGAN, J.—The evidence of the contract for the rent of the land, if that was the foundation of the account, is set out in the bill of exceptions, in such a confused manner, and it being difficult to ascertain what influence the charge had upon the case, we shall confine ourselves to the questions arising on the rejection, and the admissions of the testimony, to which objections were made. The first objection was to the rejection of the answer of the witness (examined on interrogatories) to the last interrogatory.

The last interrogatory was, state all you know that will benefit the plaintiff, as particularly as if you were thereunto specially interrogated.

This is the usual concluding interrogatory, and the witness may respond to this, any circumstance pertinent to the controversy, and which the preceding interrogatories had not elicited—and if a witness, in reply to this interrogatory, discloses material matter, bearing on the question, touching which he is examined, it cannot be rejected, on the ground that such answers are not called for by the interrogatory. But the answer of the witness to the interrogatory, in this case, seems to be unimportant, and if it had been permitted to go to the jury, we do not see what influence it could have had, or ought to have had—we should not therefore reverse the cause for the suppression of the answer to this interrogatory; for this court will not reverse a judgment for the rejection of the the answers witnesses to interrogatories, unless those answers contain something within themselves, that would be considered evidence, tending to prove or disprove the issue, or to prove or disprove some fact or circumstance, that is material in the consideration of the issue.

2. The second assignment of error is, that the court should have permitted the plaintiff to state, when examined as a witness, all the circumstances attending each item in the account; and should also have permitted the plaintiff to examine the defendant, touching the particular circumstances of each item. The court would not allow any other question

to be put to the plaintiff, or the defendant, than the single one whether the account, and the items thereof, were just. In this the court erred. In 3 Ala. Rep. 442, the statute of 1839, which allows the plaintiff to prove his account, when it does not exceed $100, was construed, and it was held, that the object of the statute was to make the plaintiff a witness, and as such he could be examined on interrogatories, or by deposition, under the same circumstances that would authorize the examination of any other witness. If the plaintiff is to be treated as a witness, he ought to be permitted to speak of each item of the account, and to prove all the circumstances that gave rise to it. The defendant, however, has the right under the statute, to deny all the facts stated by the plaintiff on his examination, and this denial will destroy entirely the evidence of the plaintiff, and take from it all force as evidence. See 6 Ala. 783.

But the defendant does not become a witness, nor is the plaintiff entitled to examine him as to the justice of the account, nor can he give evidence to show that it is unjust, but he has the simple right to deny on oath, all, or any portion of the facts stated by the plaintiff, and this denial destroys the statement, so far as it is denied, *made by the plaintiff, as evidence.* The county court therefore erred in permitting the question to be put to the defendant, tending to show whether the account was just or unjust. The defendant should have been confined to a denial of the facts deposed to by plaintiff.

The court also erred in permitting parol proof to be given of the entry of a part of the land by Hefflin. The best evidence of this was the certificate, or patent, if one had issued ; and parol proof of the entry should not have been permitted without showing a proper reason for admitting this secondary evidence.

These errors are sufficient to reverse the judgment ; and if there is error in any other portion of the record, it is difficult, from the manner in which it is presented by the record, to determine whether such error ought to have any influence in reversing the judgment ; they are therefore not noticed.

Let the judgment be reversed, and the cause remanded.