## SHEPHERD & GORDON *vs.* SPRIGGS.

[ACTION BY NON-RESIDENTS COMMENCED BY ORIGINAL ATTACHMENT.]

1. *Security for costs necessary.*—In an action by a non-resident, commenced by original attachment, security for costs is necessary, (Code, § 2396,) although the attachment bond is conditioned that the plaintiff " shall prosecute his attachment with effect, or, failing therein, pay the defendant all such costs and damages as he may sustain for the wrongful suing out of said attachment."

2. *Liability of surety for costs.*—Although a summary judgment is given against the surety for costs, (Code, § 2399,) only in the event of the plaintiff being successful in the suit ; yet he is liable for them, equally with the plaintiff, if, when adjudged against the defendant, they cannot be collected.

APPEAL from the Circuit Court of Madison.
Tried before the Hon. EDMUND W. PETTUS.

THIS action was instituted by the appellants, who are non-residents, and was commenced by attachment ; the condition of the attachment bond being, that " the said Shepherd & Gordon shall prosecute said attachment with effect, or, failing therein, pay the defendant all such costs and damages as he may sustain for the wrongful suing out of such attachment." At the trial term, the defendant moved to dismiss the suit, because no security for costs had been given ; which motion was resisted, on the ground that, if security was necessary, the attachment bond was sufficient, and that the motion came too late after an appearance entered. The court granted the motion, and dismissed the suit ; to which the plaintiffs excepted, and which they now assign as error.

R. C. BRICKELL, for the appellants.

STONE, J.—We had occasion to consider the question presented by this record, in *Ex parte* Robbins, at the June term, 1856. We there held, that security for costs was required in suits commenced by original attachment, as well as those commenced by summons.—*Ante*, p. 71.

In that case, the attachment bond was conditioned to pay the defendant all damages, which he might sustain by the wrongful suing out of the attachment. In this case, the condition is, that the plaintiffs, *if they fail in the successful prosecution of their suit*, will pay the defendant all such costs and damages as he may sustain for the wrongful suing out of such attachment. Under the phraseology of this bond, it is here contended, that security for costs has been given in this case ; and that, consequently, the circuit court erred in dismissing the suit. We do not think the bond in this case furnishes the security which the statute contemplates. In suits by non-residents, it was the evident design of the Code, to have the costs secured, as well for the benefit of the officers of court, as the parties litigant. Hence, the costs should be secured, whether the plaintiff succeed in his action or not. This bond affords no security, except on condition that the

plaintiff fails in his action ; and even in that case, it secures to the defendant, only "such *costs* [and damages] as he may sustain for the *wrongful suing out of the attachment*." The security contemplated by the Code was not intended to be restricted within such narrow limits.—Code, §§ 2396–9.

It is further provided by the Code, (§ 2396,) that the security shall be lodged with the clerk, or endorsed on the complaint. That course was not pursued in this case ; and it presents a question, which we need not now decide, whether a summary judgment against the surety can be rendered on this bond.—Code, § 2399.

It is further contended, that the security for costs can only be made available in any case, when the plaintiff fails in his action. This argument is based on the fact, that the Code makes express provision for judgment against the surety, in no other contingency.—Code, § 2399. It is true that a summary judgment cannot be rendered against the surety in any other state of case ; but it does not follow from this that the surety is discharged, if the plaintiff succeed. If the costs are adjudged against defendant, and cannot be collected, we entertain no doubt that the sureties may be required to pay the costs, to the same extent as the plaintiff himself is liable for them.

Another objection to the construction contended for : The statute, authorizing original attachments to issue, requires bonds in a penalty of *only* twice the amount of the demand sued for. In suits on small demands, such bond might be wholly insufficient to cover the costs consequent upon severe litigation.

Judgment affirmed.