# DOUGLASS *vs.* MONTGOMERY & WEST POINT RAILROAD COMPANY.

[ACTION AGAINST RAILROAD COMPANY, AS COMMON CARRIER, FOR NEG- LIGENCE.]

1. *When non-suit, with bill of exceptions, may be taken.*—A nonsuit may be taken, with a bill of exceptions, (Code, § 2357,) in consequence of the suppression of the plaintiff's deposition, on motion, before the trial is entered upon.

2. *Competency of plaintiff, in action against common carrier, to prove contents and value of lost baggage.*—In an action against a railroad company, as a common carrier, to recover damages for the loss of a passenger's baggage, the plaintiff may prove the contents and value of his trunk by his own oath.

3. *When deposition of party may be taken.*—When a party is competent to testify in his own favor, his deposition may be taken, as in case of other witnesses.

APPEAL from the Circuit Court of Montgomery. Tried before the Hon. S. D. HALE.

THIS action was brought by Jules Douglass, against the appellee, as a common carrier, to recover damages for the loss of the plaintiff's baggage while traveling on the defendant's railroad between Montgomery, Alabama, and Columbus, Georgia. When the cause was called for trial, as the bill of exceptions states, and the plaintiff had announced himself ready, the defendant submitted a motion to suppress the plaintiff's deposition, (which had been taken on interrogatories and cross-interrogatories,) on the grounds—"1st, that there is no law authorizing the taking of the deposition of a party plaintiff; and, 2d, that the plaintiff was not competent to testify in his own favor." At the time of filing cross-interrogatories, the defendant had also objected to the taking of the deposition, "on the ground that the law does not authorize the plaintiff to be examined, to prove the correctness of his demand, in a suit against a corporation." The plaintiff then showed to the court, that he resided in the city of Baltimore, Maryland,

which was more than one hundred miles from Montgomery, and that his deposition had been taken on that account; and stated, that he only proposed to read in evidence so much of his deposition as tended to prove the contents and value of his lost baggage, and to make out the rest of his case by evidence *aliunde*. The court sustained the defendant's motion, and refused to allow the plaintiff to use any part of his deposition for any purpose. The plaintiff excepted to this ruling of the court, and, in consequence thereof, at the next term, took a nonsuit; and he now assigns said ruling as error, and moves to set aside the nonsuit.

W. A. GUNTER, for appellant.—On principles of public policy and necessity, the plaintiff, in an action against a common carrier for negligence, may prove the contents and value of his lost baggage by his own oath, after establishing the delivery and loss by other competent testimony. 1 Greenl. Ev. §§ 82, 348; *Herman v. Drinkwater*, 1 Greenl. Rep. 27; *Clarke v. Spence*, 10 Watts, 335; *Gilmore v. Bowden*, 3 Fairf. (Me.) 412; 1 Yeates, 34; 2 Watts & Ser. 369; 3 Barr, 451; 10 Barr, 45; Story on Bailments, § 454, note 4; 2 Smith's Leading Cases, (H. & W.'s Notes,) 131.

2. If the plaintiff, being present, was competent to testify for himself, his deposition might be taken as in case of any other witness.—*Moore v. Hatfield*, 3 Ala. 442.

GOLDTHWAITE, RICE & SEMPLE, *contra*.—1. Section 2357 of the Code authorizes a nonsuit, with a bill of exceptions, only from decisions made "on the trial of a cause;" that is, after the trial has begun. That this statute is to be strictly construed, see *Palmer v. Bice*, 28 Ala. 430. In this case, the motion to suppress the deposition was made, as the statute (Code, § 2328) requires it should be made, "before entering on the trial;" and the nonsuit was taken at the next term.

2. The plaintiff was not competent to testify in his own

favor.—1 Greenl. Ev. (7th ed.) § 348, note 4; *Snow v. Eastern Railroad Co.*, 12 Metcalf, 44.

3. If he was competent, there is no statute authorizing his deposition to be taken. Section 2318 of the Code applies only to *witnesses*, and does not include *parties*.

STONE, J.—It is urged by appellee that, inasmuch as the decision of the circuit court, which is sought to be reviewed, was pronounced on a motion made and heard before the trial was entered upon, the case is not within the provisions of section 2357 of the Code, which applies only to decisions of the court made *on the trial* of a cause. The argument is not defensible. Section 2353 of the Code confers the power of reserving, by bill of exceptions, "any charge, opinion, or decision of the court, which would not otherwise appear of record." Yet this section contains almost the identical words which are found in section 2357. Its language is, "Either of the parties in any civil case, *during the trial of the cause*, may reserve by bill of exceptions," &c. If we were to confine the operation of section 2357 to decisions pronounced on the final trial, by the same rule we would be required to limit the operation of section 2353 to charges, opinions, and decisions, made during the trial in chief. Yet it is the universal practice, sanctioned by repeated decisions of this court, to reserve by bill of exceptions questions arising on decisions pronounced in the preparatory stages of the suit, provided those decisions bear on the final result; and questions thus reserved are reviewed in this court.—*Shepherd & Gordon v. Spriggs*, 29 Ala. 673; *Peavey v. Burket*, 35 Ala. 141. We place the same construction on each cited section of the Code, and hold that we will consider of the question.

[2.] The main question in this cause has not before been considered in this court. We confess that, whatever rule we may declare, we perceive probable hardship and injustice in its application. Corrupt men may pervert the privilege of being witnesses in their own causes, to their personal profit; while, on the other hand, to deny to a party

the right of testifying in a case like the present, is almost the equivalent of withholding from the traveling public all remedy for losses of their baggage. As we said on a former occasion, the "result of the introduction of steamboats and railroads is, that common carriers have, to a great extent, taken exclusive possession of the public thoroughfares of the country."—*Steele & Burgess v. Townsend*, at the last term. So, we may add, that railroads and steamboats have almost a monopoly of the public travel on their respective routes. The traveler is under a moral necessity to accept the car, or the boat's cabin; and it is part and parcel of that necessity that he shall submit his valuables to the care and control of the employees of such public lines of conveyance. To require of a traveler, whose baggage has been lost while in transit on a railroad, that, the loss being established by other testimony, he shall also prove by disinterested witnesses each article of his wardrobe and its value, is simply to declare railroads cannot be held accountable for their faults and breaches of contract, because of a defect in the law.

We are aware that, in the case of *Snow v. Eastern Railroad Co.*, (12 Metc. 44,) the supreme court of Massachusetts, in a case like the present, excluded the evidence of the plaintiff; holding, that the rule only applied where the defendant, or the employees of the defendant, had been convicted by other evidence of an act of spoliation, or of felony. But the authorities explode this distinction. In a case against a common carrier before Montague, B., "a question arose about the things in a box; and he declared, that this was one of those cases where the party himself might be a witness, *propter necessitatem rei*. For every one did not show what he put in his box."—12 Viner's Abr. 24, pl. 34. Mr. Greenleaf says: "Such evidence is admitted, not solely on the ground of the just odium entertained, both in equity and at law, against spoliation, but also because, from the necessity of the case and the nature of the subject, no proof can otherwise be expected; it not being usual even for the most prudent persons, in such cases, to

exhibit the contents of their trunks to strangers, or to pro-
vide other evidence of their value. For, where the law
can have no force but by the evidence of the person in in-
terest, there the rules of the common law, respecting evi-
dence in general, are presumed to be laid aside; or rather,
the subordinate are silenced by the most transcendent and
universal rule, that in all cases that evidence is good, than
which the nature of the subject presumes none better to be
attainable."—1 Greenl. Ev. § 348, and authorities cited.
See, also, Cow. & Hill's Notes to Phil. Ev. (3d ed.) vol. l
of Notes, 56–7; and authorities on appellant's brief. We
hold, that the plaintiff was a competent witness, to testify
of the contents of his trunk, and the values of the several
articles.

[3.] Having ascertained that the plaintiff was a compe-
tent witness to testify in his own behalf, to the extent to
which his testimony was offered, the right existed to take
his testimony by deposition, as in case of other witnesses.
Code, § 2318; *Moore v. Hatfield*, 3 Ala. 442.

Judgment of the circuit court reversed, nonsuit set aside,
and cause remanded.