# Ex parte Jenks.

## *Application for Mandamus.*

1. *Personal attendance by a woman as a witness compelled, although her deposition has been taken.*—The statute, (Code, § 2813), which provides that when the deposition of a witness, residing in the county in which the cause is pending, has been taken, if affidavit be made that the personal attendance of the witness is believed to be necessary, then such attendance shall be required, is applicable to and includes women whose depositions have been taken, as authorized by section 2801 of the Code.

Harriet E. Jenks filed her petition, addressed to the Judges of the Supreme Court, in which she averred that J. E. Loxley & Son recovered a judgment against William Turner and others in the city court of Mobile ; that on said judgment a writ of garnishment was issued and served upon one Charles W. Stanton ; that said Stanton as garnishee answered, admitting indebtedness to the defendant, but suggested that the moneys in his hands were claimed by the petitioner ; that in a claim suit which was thereupon inaugurated, the petitioner, a female, who was a resident of Mobile county, was examined as a witness by interrogatories in writing, which were duly filed in said court, and copies of which were served upon the attorneys of record of the plaintiffs, Loxley & Son, as required by law; that her deposition was taken by a commissioner duly appointed, and that on a day during the term to which her deposition was returned, one of plaintiffs' attorneys made affidavit that he believed the personal attendance of the witness Harriet E Jenks, (the present petitioner) upon the trial of the claim suit was necessary ; and that thereupon the court made an order for the said Harriet E. Jenks to attend the said trial, which was duly executed upon the petitioner ; that on a subsequent day of the same term of the court, the petitioner moved the court to annul and vacate the said order requiring her personal attendance, which motion was overruled and refused by the court. Upon these averments the petitioner prays that a writ of *mandamus* be issued from this court, directed to the judge of the

city court of Mobile, commanding him to vacate, annul and set aside said order, requiring the petitioner's personal attendance upon the claim suit in said city court.

FRED'K G. BROMBERG AND BRICKELL, SEMPLE & GUNTER, for petitioner.

G. L. & H. T. SMITH, *contra.*

HEAD, J.—We have no doubt that section 2813 of the Code means to include females, residing in the county, whose depositions have been taken, as authorized by section 2801, in the class of witnesses whose personal attendance the court is authorized to require, upon the prescribed affidavit being made that such personal attendance is necessary. It is true that the depositions of persons residing in the county, other than females, taken in pursuance of said section 2801, are by force of section 2812, rendered *de bene esse* only, and can not be used if the statutory causes for which they were taken do not exist at the time of the trial, unless the witness be then dead, of unsound mind, or resides more than one hundred miles from the place of trial; while, so far as that section (2812) provides, the deposition of a female, though residing in the county and able to attend the trial, may be used. So far, it is the declared policy of the law that females shall not be required to attend the trial, but shall give their testimony by deposition. But section 2813 takes a step beyond, and engrafts an exception upon this general policy, which is, that if affidavit be made that the personal attendance of the witness, residing in the county, is necessary, then such attendance shall be required. In this provision there is no exception of females expressly made, and no good reason for holding that one was implied. The law considers the prescribed affidavit sufficient evidence that the personal attendance of the witness is necessary to the ends of justice ; and that necessity may as well exist in case of a female as a male witness.

Application for *mandamus* denied.