(85 South. 387)

**HINTON MILLING CO. v. SMITH BROS. et al. (8 Div. 255.)**

(Supreme Court of Alabama. April 22, 1920. Rehearing Denied May 27, 1920.)

**Depositions ⬱42—Depositions of witness outside the state must be taken on interrogatories, unless amount exceeds $5,000, etc.**

Under Acts 1911, p. 487, amending Code 1907, §§ 4031, 4032, relating to depositions, the party against whom a deposition is taken, where the amount involved exceeds $5,000, or where the title to real and personal property is in issue, may by making an affidavit that it is material that the witness be examined orally, have the deposition of a nonresident or a witness living more than 100 miles from the place of the trial taken orally, instead of by interrogatories, which is the practice in all other cases, and a deposition taken orally in other cases will be suppressed.

Appeal from Circuit Court, Morgan County; O. Kyle, Judge.

Assumpsit and trover by the Hinton Milling Company against Smith Bros. and others. The court suppressed a certain deposition, whereupon plaintiff took a nonsuit, with bill of exceptions, and appealed. Transferred from Court of Appeals under Acts 1911, p. 450, § 6. Affirmed.

Wert & Hutson, of Decatur, and Tennis Tidwell, of Albany, for appellant.

Counsel insist that the court improperly interpreted the meaning of section 4030, subd. 3, and sections 4031 and 4032, as

---

amended (section 4031, by Acts 1911, p. 487), but they cite no authorities to support this.

Callahan & Harris, of Decatur, for appellees.

Counsel insist that the court properly interpreted the statute, but they cite no authority in support thereof.

SAYRE, J. Appellant, plaintiff below, took the deposition of a witness orally at Enid, Okl. The deposition was taken on the ground that the witness resided without the state. On defendant's motion the trial court suppressed the deposition, whereupon plaintiff took a nonsuit, reserving the question for review in this court.

The amount involved was less than $5,000, nor did the case involve the title to land or specific personal property: Prior to the act of April 18, 1911, amending sections 4031 and 4032 of the Code of 1907 (Acts 1911, p. 487), when a party desired the testimony of a witness under the third subdivision of section 4030 of the Code—i. e., when the witness resided more than 100 miles from the place of trial, or out of the state, or was absent from the state—it was necessary that the testimony be taken by interrogatories. Code, § 4031. The bill to amend sections 4031 and 4032, as it originally passed the two houses of the Legislature, provided that in all cases under subsection 3 of section 4030 of the Code—i. e., when the witness resided more than 100 miles from the place of trial, or out of the state, or was absent from the state—his deposition should be taken by interrogatories filed with the clerk, unless the party against whom the deposition was to be taken, his agent or attorney, should within 10 days make affidavit that in the belief of such party, his agent or attorney, it was material that the testimony of such witness be taken orally, in which case the clerk should issue a commission to an examiner or commissioner to take the testimony of the witness by oral examination, after notice, etc. The proviso at the close of amended section 4032 was adopted on the Governor's suggestion. House Journal 1911, p. 2599. It seems to have brought about some confusion of idea as to the operation of the amendatory statute; but it is sufficiently clear that the sections in their present shape mean this: In cases involving $5,000 or more, or the title to land or specific personal property, the party against whom the deposition is desired may, by making affidavit, require that the witness who resides more than 100 miles from the place of trial, or out of the state, or is absent from the state, be examined orally. In all other cases arising under subdivision 3, testimony is to be taken by deposition on interrogatories filed with the clerk. In terms of policy, the sections in their present shape

mean that cases involving as much as $5,000, or the title to land or specific personal property, are considered to be of such importance that the party against whom a witness is examined under subsection 3 has the option to require an oral examination, notwithstanding such examination may put his adversary to the expense and inconvenience of attending the examination in person or by attorney. In all other cases under the third subsection the party against whom the witness is to be examined has no such option; the examination is had on interrogatories filed with the clerk.

The trial court ruled in accordance with this view of the statute, and the judgment is affirmed.

ANDERSON, C. J., and GARDNER and BROWN, JJ., concur.