178 So. 367

GANTZ v. WAGNER.

No. 34507.

Jan. 10, 1938.

Yarrut & Stich, of New Orleans, for appellant.

John J. Conners, of New Orleans, for appellee.

ODOM, Justice.

Mrs. Augustine A. Wagner, wife of Norbert J. Gantz, was granted absolute divorce from her husband in the year 1932. Subsequently she ruled her former husband to show cause why she should not be granted permanent alimony under article 160 of the Revised Civil Code. The rule was made absolute, and she was granted alimony in the sum of $40 per month.

The present proceeding is a rule brought by Mrs. Gantz against her divorced husband to show cause why he should not be adjudged in contempt for his failure to pay certain installments of the alimony previously fixed, and further to show cause why the amount previously fixed should not be increased to $60 a month, it being alleged that Mrs. Gantz and the fourteen-year-old daughter of the marriage are in necessitous circumstances, and $40 per month is not sufficient for their maintenance. After trial the rule was dismissed, and Mrs. Gantz appealed.

The testimony shows that the defendant in rule is employed by the city as a fireman at a salary of $136 per month, out of which he is required to contribute about $10 a month to the firemen's retirement fund and to a fund set apart for the purpose of purchasing uniforms; so that the defendant has a net revenue of approximately $125 per month. The testimony shows further that the defendant is married and that his wife is employed as a maid at the Charity Hospital at a salary of $30 per month, this being the same amount that she was earning prior to the date on which she was married to the defendant.

Article 160 of the Revised Civil Code, as amended by Act No. 27, Second Extra Session of 1934, provides that:

"If the wife who has obtained the divorce has not sufficient means for her maintenance, the Court may allow her in its discretion, out of the property and earnings of her husband, alimony which shall not exceed one-third of his income."

Under this article, the maximum amount which the court could allow Mrs. Gantz for her maintenance and support would be one-third of the defendant's earnings, or approximately $42 per month. But in the instant case plaintiff was awarded the custody of the minor child of the marriage, the child being a girl fourteen years old attending school, and it is alleged by plaintiff that she is entitled to an additional sum for the support of the child. It is further alleged that both plaintiff and her daughter have been ill, that plaintiff is unable to work for this reason, and that the daughter is in need of medical attention.

Plaintiff's demand is a reasonable one. Under the law, the defendant must not only respond to the wife's demand for alimony, if she is in necessitous circumstances, but must also support his minor child. Therefore, if the amount granted in a case like this is for the support not only of the wife but of the minor child as well, there is no reason why the amount awarded for the maintenance of both should not exceed one-third of the husband and father's income. In such cases, however, courts should take into consideration not only the needs of the former wife and the child of the marriage, but the needs of the former husband and father as well.

In the instant case, the defendant's net earnings amount to $125 per month, and his wife is earning $30 per month. Allowing the plaintiff for the support of herself and minor child the sum of $50 per month would leave the defendant and his wife $105 per month for their maintenance and support, and no reason is shown why

that amount is not sufficient to maintain them in their station in life.

For the reasons assigned, it is ordered that the rule brought by plaintiff to have the alimony increased be made absolute and that the defendant, Norbert J. Gantz, be, and he is hereby, ordered to pay to plaintiff in rule, Mrs. Augustine A. Wagner, his former wife, the sum of $50 per month for the support of herself and his minor daughter, the defendant in rule to pay the cost of this proceeding.

HIGGINS, J., absent.