29 So.2d 287

**Ex parte THOMPSON.**

**In re ST. LOUIS–SAN FRANCISCO RY. CO.**

**6 Div. 544.**

Supreme Court of Alabama.

Feb. 13, 1947.

Cabaniss & Johnston, of Birmingham, for petitioner.

Jackson, Rives & Pettus, of Birmingham, for respondent.

BROWN, Justice.

This is an original petition praying for the issuance of the writ of mandamus to the Circuit Court of Jefferson County, Alabama, Hon. J. Russell McElroy, Judge Presiding, requiring the court to set aside, rescind, vacate and avoid the order of November 1, 1946, sustaining plaintiff's objection to the issuance of an open commission to take the testimony of A. G. Rosenbery, and sustaining plaintiff's motion directing the clerk not to issue an open commission to take the testimony of said Rosenbery, and to require the circuit court to enter an order contra.

The facts alleged pertinent to the question presented are that petitioner here is the defendant in an action pending in the Circuit Court of Jefferson County and desires to take for use in said pending cause the testimony of said Rosenbery, as a witness in his behalf, in Oklahoma City, on open commission, and to that end filed an affidavit under the provisions of §§ 457, 458 and 459, Title 7, Code of 1940, stating such desire; that Rosenbery resides at 721 N W 21st Street, Oklahoma City, Oklahoma, and is over the age of 70 years, and from age, infirmity or sickness is unable to attend court in Birmingham, Alabama, and that he will be a material witness for the defendant.

The plaintiff in the case made oral objections to the clerk, who declined to issue the open commission, and thereupon the matter was brought to the attention of the court and the court ruled that the statutes require the defendant in the circumstances stated to file interrogatories with the clerk, unless "defendant should make arrangements for the said witness to give testimony at a point within the State of Alabama and not more than 100 miles from Birmingham, Alabama, computed by the route usually traveled, then upon making such facts known to the court, the clerk shall issue the open commission, applied for by the defendant."

The argument here is that by the amendment of said section of the Code of 1907, "In addition to changing the wording of the sentence relating to the third subdivision of Section 4030 as noted in the preceding paragraph, the position of the sentence was changed. Instead of being the last sentence of Section 4031 where it was a definite limitation on the right of the party to take testimony on an open commission, it was made the first sentence of Section 4032 of the Code of 1907. This change in position must be given effect. The legislature intended that under Section 4032 as amended * * * written interrogatories might be used only where the testimony was desired under the third subdivision of Section 4030 and that testimony taken under any other subdivision of Section 4030 might be taken on open commission. [That] a reading of Section 4032 as amended readily disclosed that such an interpretation is necessary as the whole section is based on the first sentence thereof which, by its very terms, applies only to testimony taken under the third subdivision of Section 4030. As pointed out above the Supreme Court in National Fertilizer Co. v. Holland et al., 107 Ala. 412, 18 So. 170, 54 Am.St.Rep. 101, recognized prior to the amendment of 1911 the right of the party proceeding under a subsection of Section 4030 other than subsection 3 to take a deposition either on an open commission or by written interrogatories. Knowing the interpretation given to Section 4032 prior to the amendment, the legislature by adding the sentence in question to the beginning of Section 4032 must have intended Section 4032 to apply only to those cases arising under the third subdivison of Section 4030 as there was no necessity to

add any provision to Section 4032 if the former practice as disclosed in the above cited case was to be continued in effect.

"3. [That] *If the legislature by the amendment intended to limit the right of a party to take testimony on an open commission to those cases in which the testimony was to be taken within one hundred miles of the place of trial or within the state, the legislature could easily have done so by making the first sentence of Section 4032 read 'When the testimony of a witness is to be taken more than one hundred miles from the place of trial computing by the route usually traveled, or out of the state, the testimony of such witness must, unless the opposity party make the affidavit hereinafter provided, be taken by interrogatories.*' The legislature did not use such language but limited the right of a party to take a deposition on an open commission when the deposition was to be taken under Subdivision 3 of Section 4030. * * *." [Italics supplied.]

This argument overlooks or ignores the fact that this court in the interpretation of these statutes after they were last amended used in substance the suggested language of the brief in their interpretation; towit: "* * * The proviso at the close of amended section 4032 was adopted on the Governor's suggestion. House Journal 1911, p. 2599. It seems to have brought about some confusion of idea as to the operation of the amendatory statute; but it is sufficiently clear that the sections in their present shape mean this: In cases involving $5,000 or more, or the title to land or specific personal property, the party against whom the deposition is desired may, by making affidavit, require that the witness who resides more than 100 miles from the place of trial, or out of the state, or is absent from the state, be examined orally. In all other cases arising under subdivision 3, testimony is to be taken by deposition on interrogatories filed with the clerk. In terms of policy, the sections in their present shape mean that cases involving as much as $5,000 or the title to land or specific personal property, are considered to be of such importance that the party against whom a witness is examined under subsection 3 has the option to re-

quire an oral examination, notwithstanding such examination may put his adversary to the expense and inconvenience of attending the examination in person or by attorney. *In all other cases under the third subsection the party against whom the witness is to be examined has no such option; the examination is had on interrogatories filed with the clerk.*" [Italics supplied.] Hinton Milling Co. v. Smith Bros. et al., 204 Ala. 291, 85 So. 387.

 And as so interpreted these statutes were carried into the subsequent codes of 1923 and 1940 without change and this interpretation by legislative adoption has become a part thereof and they now speak in the language of the interpretation. Spooncy v. State, 217 Ala. 219, 115 So. 308; Donahoo Horse & Mule Co. v. Durick, 193 Ala. 456, 69 So. 545; Brown, Treasurer, v. Gay-Padgett Hardware Co., 186 Ala. 561, 65 So. 333.

The effect and purpose of subsection 3, Title 457, Code of 1940, cannot be avoided by incorporating in the affidavit a cumulative ground for taking the deposition. To so hold would emasculate and destroy the clear purpose of the proviso embodied in the amendment of 1911, subsequently brought into the Codes of 1923 and 1940.

The ruling of the circuit court was in accordance with these views.

Writ denied. Petition dismissed.

All the Justices concur.