32 So.2d 534

**Ex parte BROOKS.**

**6 Div. 645.**

Supreme Court of Alabama.

Oct. 30, 1947.

Taylor, Higgins, Koenig & Windham, of Birmingham, for petitioner.

London & Yancey, James E. Clark, and E. T. Brown, Jr., all of Birmingham, for respondent.

Harold M. Cook and Francis H. Hare, both of Birmingham, amici·curiæ.

LIVINGSTON, Justice.

The question in this proceeding is whether the authority conferred by sections 457 and 459, Title 7, Code of 1940, authorizes prior to the trial the taking of the depositions (either orally or by interrogatories) of a.woman litigant, at the instance and option of the party opposing her in the litigation.

To so hold would authorize such opposing party to require an oral examination of her, and thereby put her at a disadvantage in conducting her suit.

■ ▇ It seems to be generally held that a party may be used as a witness for his opponent and be required to give evidence of matters as to which he is competent. 70 Corpus Juris 40, section 13; Olive v. Adams, 50 Ala. 373.

▇ But whether his depositions may be taken as a witness under section 457 et seq., supra, or similar statutes, the authorities do not seem to agree. 26 Corpus Juris Secundum, Depositions, 8b. Our statute has not been construed in that respect heretofore. The statute providing for the per-

petuation of testimony, Code 1940, Tit. 7, § 491 et seq., has been held not to apply to parties. Winter v. Elmore, 88 Ala. 555, 7 So. 250. Referring there to adverse parties. See, Ex parte Cross, 247 Ala. 85, 22 So.2d 378. That statute has remained the same since the Code of 1852. When it was held not to apply to parties (1889), they had, as now, the right to testify with the exception then and now provided. But because they could not testify when the act was passed, it was held that it was not intended to apply to parties. It was dealing with adverse parties. Having been brought forward without change in several codes with that construction outstanding, there has been a legislative adoption of it. Ex parte Thompson, ante, p. 12, 29 So.2d 287; Ex parte Cross, supra.

The insistence however is that the reasoning is unsound, and it should not be applied to section 457 et seq., supra.

■ But in our view the reasoning is sound, more especially as applied to section 457 et seq., and to the adverse party. As with the statute providing for the perpetuation of testimony, so when the forerunner of section 457, supra, was adopted a party to a cause was not a competent witness with some exceptions. See, Douglass v. Montgomery & West Point R. Co., 37 Ala. 638, 79 Am.Dec. 76. So that it cannot be supposed that it was then intended to include an adverse party. It was said that "It is easy to show that the contrary practice of allowing parties to be harassed with experimental fishing bills could be made the instrument of much annoyance, if not oppression by its perversion to improper uses."

■ The purpose of section 457 et seq., supra, is to obtain the testimony of witnesses who either cannot or sometimes presumably should not be brought into court. It applies to a witness who is a woman so as not to subject her to the inconvenience or sometimes embarrassment of a personal appearance in court. The deposition cannot be used, section 472, Title 7, Code, if no cause exists, as provided in section 457, supra, unless the witness is dead or of unsound mind. And under section 473, Title 7, Code, if the witness re-

sides in the county the adverse party may procure his attendance though his deposition has been taken. And that applies to a woman witness. Ex parte Jenks, 101 Ala. 429, 13 So. 564. This deposition may be taken orally unless the witness resides more than one hundred miles in some instances under subsection 3 of section 457, supra. This is provided by section 459, Title 7, Code. Ex parte Thompson, Ala. Sup., 29 So.2d 287;[1] Hinton Milling Co. v. Smith Bros., 204 Ala. 291, 85 So. 387; Barfield v. Southern Highlands Infirmary et al., 191 Ala. 553, 68 So. 30, Ann.Cas. 1916C, 1097.

■ So we revert to the question of whether the legislature intended that an adverse party may under said section 457 examine orally prior to the trial a woman as a witness who is an opposing party, merely because she is a woman, when such right would not exist if a man occupied her place as a party to the suit. Under section 477, Title 7, Code, interrogatories may be addressed to the adverse party and answers obtained prior to the trial when the answers are material, and thereby all material information may be obtained. That right has apparently existed as long as the privileges of section 457, supra. Can we imagine that the legislature meant to authorize the practice of allowing a woman to be harassed with experimental fishing expeditions in anticipation of the trial, and to make the statute an instrument of annoyance to her or even of oppression when such right does not exist when opposing party sought to be examined is a man?

In the case of Douglass v. Montgomery & West Point R. Co., 37 Ala. 638, 79 Am. Dec. 76, this Court felt justified in laying aside the rule of the common law which prohibited a party from testifying. This was on account of the necessities of the case for our statute permitting such testimony in that sort of case had not then been enacted, and held that since plaintiff could so testify his deposition could be taken by himself, citing the statute and Moore v. Hatfield, 3 Ala. 442.

To permit a party to a suit to take his own deposition under section 457, supra (or

---

[1] Ante, p. 12.

to perpetuate it under section 492, Title 7, Code, if that is permissible), is far from permitting one prior to the trial to subject his adversary to a gruelling oral examination under that section, because she is a woman, when he can obtain all information material to the case by interrogatories under section 477, supra, regardless of his status or residence.

All the reasons assigned in Winter v. Elmore, supra, for excluding adverse parties from the statute to perpetuate testimony apply to taking the deposition of a witness under section 457, supra, together with the additional reason that a different construction would subject a woman litigant to an unequal and unjust burden. We cannot agree to any such construction of our statute.

Petition for mandamus awarded.

GARDNER, C. J., and BROWN and SIMPSON, JJ., concur.