35 So.2d 112

## HUGHES v. HUGHES.

### 6 Div. 607.

Supreme Court of Alabama.

Feb. 26, 1948.

Rehearing Denied May 13, 1948.

520

Beddow & Jones, Roderick Beddow and G. Ernest Jones, all of Birmingham, for appellant.

Wm. S. Pritchard, A. W. Jones and Pritchard & McCall, all of Birmingham, for appellee.

LIVINGSTON, Justice.

The appeal is from a decree denying the husband's petition to modify a divorce decree awarding alimony, support and maintenance for the wife and four minor children of the parties.

On January 23, 1945, a divorce decree was entered in the cause on the complaint of the wife against the husband. In accordance with an agreement of the parties, the divorce decree awarded to the wife, for the support of herself and said minors, the sum of three hundred dollars per month, payable semi-monthly: the custody of the four minors being given to the mother and wife. Other property of the parties was by the decree divided in accordance with said agreement.

Upon petition and hearing, the trial court, on January 18, 1947, entered a decree modi-fying its former decree, reducing the monthly payments of three hundred dollars for the support and maintenance of the wife and minors to the sum of two hundred and seventy dollars per month.

The husband failed to pay certain of the installments ordered paid. Whereupon, on March 17, 1947, the wife petitioned for a rule nisi praying that the husband be cited to appear and show cause why he should not be punished for and on account of said failure. On March 31, 1947, the court entered an order citing the husband to appear on April 18, 1947 to show cause. The husband appeared and answered, alleging certain facts upon which he based a prayer for a further reduction of payments for alimony and support. On May 26, 1947, the trial court entered an order dismissing the second petition to modify. From that order this appeal is prosecuted. The cause must be reversed.

On the hearing of the husband's second petition to modify, he testified at length concerning the extent of his property, his earning capacity, his health and other pertinent matters. He also testified regarding property of the wife, some in this State, some in the state of Mississippi, its value, and the income derived therefrom by the wife. The husband then proposed to examine the wife as a witness. She declined to testify. The husband's motion or insistence that she submit to an examination by the husband was overruled by the court. No point is made that the wife was not summoned as a witness, and she was actually present in court.

It is generally held that a party may be used as a witness for his opponent, and be required to give evidence of matters as to which he is competent. 70 Corpus Juris page 4, section 13; Olive v. Adams, 50 Ala. 373; Ex parte Brooks, 249 Ala. 606, 32 So.2d 534. It was specifically held in Olive v. Adams, supra, that the right to propound interrogatories to adversary, Revised Code section 2731, now section 477, Title 7, Code of 1940, does not destroy the right to compel him to testify for the opposite party in open court, in all cases where he is competent.

Section 457, Title 7, Code, as modified by section 473, Title 7, Code, has no application to the situation here presented. And it was held in Ex parte Jenks, 101 Ala. 429, 13 So. 564, that section 473, supra, applies to females residing in the county.

The husband having been denied the right to examine the wife as to pertinent matters involved, we will not of course pass upon the evidence.

Reversed and remanded.

GARDNER, C. J., and BROWN and SIMPSON, JJ., concur.