51 So.2d 9

**KEITH v. PADEN.**

**6 Div. 120.**

Supreme Court of Alabama.

Feb. 1, 1951.

Rehearing Denied March 15, 1951.

Beddow & Jones, and Robt. W. Gwin, all of Birmingham, for appellee.

Keith & Davis, of Birmingham, for appellant.

FOSTER, Justice.

The question on this appeal is whether a decree of the equity court in respect to the support of three minor children by their father is properly sustained. That decree is a modification of former decrees.

On August 25, 1947, their father and mother were divorced, with the right to marry again. The decree referred to an agreement in open court as to the custody of the children. The children were then eleven, six and eight months old, respectively. The custody of the infant was awarded to the mother until he became six years old. The custody of the other two children was divided between the father and mother for six months each during the year. The decree further provided for the payment to the mother of alimony for her personal support of one hundred dollars monthly and the use of his home as long as she shall live or until she shall remarry. That upon her remarriage, all such payments shall cease and said amount shall not be changed or altered and shall be a complete settlement of all claims the wife has against the husband.

For the support of the children the husband was required to pay to the wife the additional sum of one hundred dollars a month, to continue during their minority, and payable whether they are in the custody of the mother or father under the decree, except that in the event of the remarriage of the mother said sum shall not be paid for the support of the children while they are in the custody of the father. The mother was given the right to personally occupy the present home of the father as long as she remained unmarried. The furniture, silver, china and other furnishings were vested in the wife.

On August 23, 1948, there was a modification of that decree by agreement in open court in so far as it affected the custody of the children and their maintenance. By that modification the custody of the two older children was awarded to the mother for the school term of nine months and to their father for the three months' recess. It further provided that in addition to the money allowance, previously ordered to be paid, the father was required to "supply all three children with all proper articles of clothing and wearing apparel by furnishing to the paternal grandparents of said children money with which the paternal grandparents of said children shall jointly purchase same." In other respects the decree of August 25, 1947 was held in full force.

On March 14, 1949, there was another modification of the decree as to the custody of the children only. That decree awarded the all time custody of the three children to the mother with certain limited rights of visitation by the father.

On March 16, 1950, the wife filed a petition to modify the decree as to the maintenance of the children. It alleges that in December 1949 she remarried and has removed from the home of her former husband to a home provided by her new husband, and that she is now receiving one hundred dollars a month for the support and maintenance of the children; that in 1949 approximately six hundred dollars was spent for their clothing; that her former husband is attempting to sell his former home at a price of $16,500; that one hundred dollars a month is not sufficient for the support and maintenance of said minor children; that she has been supplementing the allowance for the children out of that made for her own support; that she has purchased approximately four hundred dollars worth of clothing for them during "the year 1949". She further alleges in general terms that there has been a substantial change in conditions that heretofore existed between them and the minor children, and that the decree should be modified.

There was a demurrer to this petition, but we find no ruling on it in the record. The verbal statement by the court does not serve as such. Bertrand v. Taylor, 250 Ala. 15, 32 So.2d 885.

On July 5, 1950, the court rendered the decree from which this appeal was taken. It recited that it was heard on the petition as amended (to claim an attorney's fee) and on the answer, and that the parties appeared in person and by their solicitor, each respectively. The decree then made an additional allowance to be paid to the mother for the support of the children of fifty dollars a month. (This in addition to the one hundred dollars previously provided for them.) And in addition, the

father shall pay reasonable debts incurred for necessary hospitalization, medical and dental treatment, the incurring of such debts to be on the approval of the paternal grandparents of the children. The decree also directed payment of one hundred dollars as attorney's fee for the mother's attorney in this matter, and held the former decrees in effect, except as modified. At the time of the trial, June 23, 1950, the children were of the ages of fourteen, nine and three years, respectively.

The terms of the several decrees are such that they can be construed to retain in full force the requirement of that part of the one dated August 23, 1948, that the father shall supply proper clothing for the children through their paternal grandparents, and shall in addition pay for their hospital, medical and dental bills and one hundred and fifty dollars a month. But counsel for appellee have advised us that they are willing to concede that said requirement to supply the children's clothes, as contained in the decree of August 23, 1948, was intended to be eliminated, and that we treat the several decrees as so modified.

To support the decree of modification, we can only consider the changes in the conditions affecting the children, which are material to that end. The only change of any material consequence is that effected by the marriage of the mother affecting her right to use the home for herself and the children, and the remarriage of their father is also shown to have occurred.

So that up to and before the time of the decree appealed from, so far as here material, the father of these three children was required to pay to their mother one hundred dollars a month for their support and maintenance and in addition he was required, through their paternal grandparents, to provide for the clothing and wearing apparel which they needed. The only change in conditions, material to a modification of that status, as we have said, is that subsequent to the last prior decree both parents have remarried. The mother has moved out of the home which she had occupied with the children and which belonged to their father, all in accordance with the first decree rendered by consent of the parties, and the children some three years older than they were at the time the first decree was rendered.

The substance of the modification made by the last decree and the one from which the appeal was taken, is that the father is not now providing a home in which the children shall live, but is required to pay their mother for them an additional sum of fifty dollars a month, and there is an added provision with respect to payment for any hospitalization, medical and dental treatment which may be necessary, on the approval of their paternal grandparents, but he is relieved of the requirement to supply their clothing, as contained in the decree of August 23, 1948.

It seems to us the question hinges on the inquiry of whether or not an additional payment of fifty dollars a month should be put upon the father for the support and maintenance of the children on account of being deprived of the use of his home, and of the provision for their clothing, as previously directed by the court. The additional sum of fifty dollars a month takes the place of the use of the home and the requirement to furnish clothing for the children. This shift in the arrangement was due to the remarriage of the mother necessitating their vacating the house which the father had provided for them.

The duty was upon the father to furnish housing as well as other provision for their support. That made in the first decree was conditional, knowing that it might terminate at any time. When it should terminate the house should, as it did, revert to the father, and the children would be without such facility. It was not the duty of the second husband to furnish it. But the duty remained on the father. The house and lot were worth about $12,000 to $13,000, according to the evidence. The rent from it, estimated at $85 a month, would doubtless be sufficient to provide the additional sum fixed by the court. The evidence shows that while the father had remarried he was well able to make payment as directed. His remarriage as well as hers were proper for consideration. Jones v. Jones, 251 Ala. 179, 36 So.

2d 310; Ramsey v. Kitchens, 249 Ala. 609, 32 So.2d 361; Gantz v. Wagner, 188 La. 833, 178 So. 367.

■ The change effected by the last decree was of no great importance from a financial standpoint. The burden upon the father in that respect was not changed to a material extent. It is not claimed that the hospital, medical and dental requirement is burdensome. We think the decree of the court was supported by a reasonable aspect of the evidence in increasing the allowance for the children to $150 a month, and permitting that to include the father's duty to supply their clothing.

■ The allowance of an attorney's fee can be made whenever the status of the husband and wife is such as that the court has jurisdiction over alimony and allowances, notwithstanding they have been divorced and their relation of husband and wife no longer exists. The general rule is that after such a divorce, the husband is not liable for attorney's fees incurred by the wife in litigation between them concerning their relation as husband and wife. Rochelle v. Rochelle, 235 Ala. 526, 179 So. 825. On this theory we have held an attorney's fee will not be allowed the wife in a suit to annul a decree of divorce by a bill in the nature of a bill of review, unless the court grants relief and sets aside the decree of divorce, thereby restoring the relationship of man and wife. Torme v. Torme, 251 Ala. 521, 38 So.2d 497; Sims v. Sims, 253 Ala. 307, 45 So.2d 25. But where the divorce decree provided for alimony and maintenance, such provision continues to be within the power of the court to modify on account of changed conditions and, since the court retains such right, there is incidental to it also the right to an attorney's fee under proper circumstances. Sims v. Sims, supra; Rochelle v. Rochelle, supra.

■ The provision in the decree of the court for an allowance to be paid by the husband for the support of the minor children is in a sense a feature of the alimony provision. The amount is not payable to the minor children but to their mother and is subject to the authority of the court as allowances made specifically for the maintenance of the divorced wife, and when the court retains jurisdiction to modify the allowance for the children, there should be and is reserved, in that respect, the right to award an attorney's fee when the same is appropriate or necessary in the opinion of the court for the proceeding to be had. The amount of the allowance is not excessive, but we think it is sufficient to compensate counsel for representing appellee on appeal also.

■ Appellant also complains that he was required by the court to respond to a subpoena duces tecum by bringing into court a copy of his income tax return, which he had in his possession. It is contended that the remedy to compel production of such document is by the inherent power of a court of equity, in which the cause is pending, and that the statute has no application to a subpoena to an adverse party in equity. Ex parte Monroe County Bank, Ala., 49 So.2d 161. True, section 489, Title 7, Code, as to such subpoenas is in terms applicable to persons not parties. But in the case of Ex parte Hart, 240 Ala. 642, 200 So. 783, this Court noted that at common law parties could not be witnesses, so that such a subpoena was inappropriate to him. But now since he is competent and can be called to testify by the opposing party, Ex parte Brooks, 249 Ala. 606, 32 So.2d 534; Hughes v. Hughes, 250 Ala. 519, 35 So.2d 112, and under the terms of the last clause of section 489, supra, it was held that the judge may require such production in all cases, which is a recognition of the inherent power of the court, we find no error in respect to that matter.

The result is that, in our opinion, the decree of the trial court should be affirmed.

Affirmed.

LAWSON, SIMPSON and STAKELY, JJ., concur.