56 So.2d 668

**COREYALE v. COREYALE.**

3 Div. 617.

Supreme Court of Alabama.

Jan. 31, 1952.

620

Walter J. Knabe, Montgomery, for appellant.

John B. Scott, Montgomery, for appellee.

FOSTER, Justice.

This is an appeal from a decree of the circuit court in equity denying and dismissing a petition by appellant filed April 11, 1951, in connection with a decree theretofore rendered granting petitioner a divorce, and other relief.

The divorce was rendered April 10, 1950. It gave effect to a written agreement of the parties as to the custody of the two small children, their maintenance, and provision for the wife as to the use of the home. That agreement embodied in the decree had a provision whereby this appellee agreed to furnish appellant the use of their home in Montgomery "as a place to live free from any rent or other charges, and should he sell said property at any time in the future, he agrees to furnish (her) with a place to live equally as good and nice as said premises, but not as large." He further agreed to provide for her "a place to live throughout her entire life, unless she should remarry, in which event (he) shall be forthwith relieved from fulfilling this part of the agreement." She waived all claim for alimony. He also agreed to pay her $50.00 a month for the support of each of the two children until they became eighteen years of age, respectively, and to keep up insurance for the education of the children until they are eighteen when the proceeds of it will be paid to them. The children are two and five years of age, respectively. Appellee has met all payments provided for in the agreement as decreed.

Appellant and the children continued to live in the house until a time not definitely disclosed by the evidence, at which time she says she told appellee that something had to be done; that she would have to move and rent the whole house and use the difference; that she could not live on $100.00 a month, and he said all right, "go ahead and do it, rent the house." He says he rented the house for $125.00 a month, and told her as long as he could afford to do so she could have the rental. She selected an apartment on Fairview Avenue, consisting of one bedroom, a living room, kitchenette and bath, renting for $63.75, which left her with $61.25 added to the $100.00 for their maintenance and support. Appellee has remarried, and has told appellant that after June 1, 1951, he intended to move back into the house and would pay her an amount equal to the rent of her apartment, but not the difference between that and $125.00, which she has been getting.

When this petition was filed, that change had not occurred. At the time of the trial June 7, 1951, he still had not moved back into the house, but intended to do so. The agreement and decree had given appellant all the household furniture. She moved some of it into her apartment and he had some. The petition alleges that $100.00 a month is not enough for the support of the children; that they need a larger apartment and all of the $61.25 which they have been receiving from the rent of the home. The petition prayed for a decree that "the arrangement heretofore made be continued and the said Edward Carl Coreyale be required to pay her the

sum of $125.00 per month for rental of the property known as 24 Campbell Road * * *, and further that the amount provided for the minor children be increased," and for general relief. On hearing the evidence in open court, the trial judge denied and dismissed the petition without finding the facts or expressing his views leading to that result.

██ His decree means that, in his opinion, the plan that appellee shall continue to pay for a satisfactory apartment for appellant and the children which is "equally as good and nice" as the home, but not so large, complies with his duty in the light of the fact of her voluntarily making the change. The final decree of divorce, and the agreement made a part of it, provides for the use of the home by appellant, and does not contemplate a lease of it with her residing elsewhere. However, it does provide for her to live elsewhere in the event appellee should sell the home. Her right to use the home was voluntarily surrendered by her, though it had not been sold. Therefore, their relation to the home is as though it had been sold. So that the duty then matured on the part of appellee to supply her with a place in which to live with the children "equally as good and nice" as the home, but not as large. She selected the apartment in which she lives. It was shown to be of the better type and well located and appointed. Now she asks for the whole amount of the rental value of the home, including the amount of the rent of her apartment, and an increase in the allowance for the children, as well as a larger apartment. In all those respects the court ruled against her. The presumptions support his ruling. We see nothing to overturn it.

We also concur in not allowing an attorney's fee in her unsuccessful efforts in this proceeding. Compare, Keith v. Paden, 255 Ala. 294, 51 So.2d 9; Rochelle v. Rochelle, 235 Ala. 526, 179 So. 825.

The decree of the trial court is affirmed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and GOODWYN, JJ., concur.