ON REHEARING
BRADLEY, Judge.
In brief in support of appellee’s application for rehearing, counsel urges the recon *167 sideration of that part of our decision reversing the trial court’s award of an attorney’s fee to the appellee.
Counsel argues that this court’s decision denying attorney’s fees to the appellee is a departure from the law of Alabama pertaining to child custody cases, is internally inconsistent, and is contrary to the mandates of justice and the best interests of the children.
Appellee relies on the case of Brock v. Brock, 281 Ala. 525, 205 So.2d 908 (1967), for her contention that she is entitled to an attorney’s fee for defending her custodial, rights against the demands of the paternal grandparents. The Brock case is distinguishable from the case at bar.
In Brock the supreme court said that the mother was entitled to an attorney’s fee because she had found it necessary to resort to judicial aid in her efforts to renegotiate child support payments from her husband. Counsel to aid her in this endeavor was necessary.
As authority for its position, the supreme court cited its case of Keith v. Paden, 255 Ala. 294, 51 So.2d 9 (1951). In the Keith case the supreme court said the allowance to the mother of child support is in a sense a feature of the alimony provision, and the amount payable is subject to the authority of the court the same as is the allowance to the wife. The authority to modify the child support payments includes the authority to award an attorney’s fee where appropriate.
We therefore adhere to our holding in the instant case that since there is no marital relationship between the wife and grandparents, no statute authorizing the award of attorney’s fees, and no fund created for such purpose, the trial court had no legal basis for requiring the Handleys to pay the mother an attorney’s fee.
OPINION EXTENDED.
APPLICATION FOR REHEARING OVERRULED.
WRIGHT, P.J., and HOLMES, J., concur.