I dissent, because reliance on the case of Brock v. Brock,281 Ala. 525, 205 So.2d 903 (1968), for support in creating what the majority admits is new law is misplaced.
In Brock the mother sought to modify a child custody and support decree. The father and paternal grandparents had custody for two months each summer. The father made child support payments. The mother wanted to eliminate all custody rights in the father and paternal grandparents and have the child support payments made by the father increased. This Court found the trial court erred in confirming the Register's report, which denied an increase in child support, but this Court affirmed the trial court's decision not to change the custody provisions.
In effect, the father prevailed on one issue and lost on another, while the paternal grandparents prevailed on the only issue concerning them. The majority opinion in this case would conclude that the Brock Court held it was proper to assess attorney fees against a party who prevails on the merits (the grandparents). I do not read Brock that way and suggest that a careful reading reveals that the award was made only against the father.
First, the case cited by the Brock Court, Keith v. Paden,255 Ala. 294, 51 So.2d 9 (1951), in support of its conclusion that attorney fees could be awarded was the usual mother-father case. Second, the Court refers to the mother's efforts to modify the child support provisions, which related only to the father, and concludes that "[u]nder these circumstances" the refusal to award attorney fees to the mother was an abuse of discretion. Brock, 281 Ala. at 532, 205 So.2d 903. This passage is *Page 171 
sufficiently clear to indicate the attorney fee award was made on the basis of the dispute between the mother and father.
Brock simply does not support the majority opinion's conclusion that attorney fees could be awarded in child custody cases where there is no marital relationship between the parties. The decision to award attorney fees in a case such as this is a reflection of a change of policy by this Court and should be recognized as such.
FAULKNER, ALMON and SHORES, JJ., concur.