179 So. 825

**ROCHELLE v. ROCHELLE.**

**6 Div. 178.**

Supreme Court of Alabama.

Feb. 17, 1938.

Rehearing Denied March 31, 1938.

Harsh, Harsh & Hare, of Birmingham, for appellant.

Hugh A. Locke and Frank M. James, both of Birmingham, for appellee.

FOSTER, Justice.

In connection with a decree of absolute divorce between the parties to this cause, and by agreement between them, the chancery court entered a decree on February 3, 1921, whereby appellee, Raymond R. Rochelle, was ordered to pay to the register (later modified so that payment must be made to complainant) the sum of $100 per month thereafter, recited to be "in full of permanent alimony due her as prayed in her said bill of complaint," and, further, that this was "for the use and support of said complainant and her children."

She had two children, Clarence, then seventeen years of age, and Viola, then thirteen, whose custody was awarded to her.

To the time of the register's report in this cause, February 1937, he had made payments after January 1, 1930, as follows: Ten payments of $100 each, $1,000; thirteen of $75 each, $975; ten of $50 each, $500; forty-six of $25 each, $1,150—making a total of $3,625. He kept up the payments from the date of the decree until January 1, 1930, and for ten months in 1930. The register also found that payments of $100 per month, after January 1, 1930, to that date would aggregate $8,550, leaving $4,925 then due and unpaid on that basis.

On July 15, 1936, complainant filed a petition praying that respondent be declared in contempt for failure to carry out the terms of the decree, and for general relief; and amended the petition by praying for an execution to collect the balance.

Appellee made answer alleging that the amount awarded was for the support of the minor children as well as complainant; that, after they became twenty-one years of age and ceased to be dependent upon complainant, by her consent, the amount was reduced by the amount of such default; and complainant accepted the payments as made in full to date: this both because of the independence of the children and also the distressed financial condition of respondent: that the decree became inoperative as to each child as they reached twenty-one years of age. The answer also sought a modification of the decree as to future payments because of the independence of the children. It was not in form a cross-bill nor treated as such: it called for no answer and none was made to it; and has been disregarded in so far as it sought any relief.

On July 31st the court ordered a reference to the register to ascertain the balance of alimony unpaid, and when the minors became of age, and the amount of an attorney's fee for representing complainant in this cause. And on the same day made other interlocutory orders; and on August 3d modified the decree of July 24th so as to hold that respondent was not in willful contempt, and that he be released from the rule nisi, but without prejudice to the right and power of the court to determine the amount of alimony installments claimed to be in arrears; and expressly reserved consideration of that question. From those decrees, complainant appealed to this court. It was held that none of them were such as to authorize a review by appeal. Rochelle v. Rochelle, 233 Ala. 317, 171 So. 897.

The register proceeded to hold a reference and reported as we have indicated, and further that Clarence became twenty-one on September 2, 1925, and Viola on March 12, 1929; and that a reasonable attorney's fee was $750.

Exceptions were filed to the report; and on February 27, 1937, there was oral evidence taken in open court on a hearing before the presiding judge, supplementing evidence before the register and that previously taken in open court.

The cause was then submitted on the pleadings and proof as noted. On June 9, 1937, the court entered a final decree, from which the present appeal was prosecuted by complainant, in which respondent has cross-assigned errors. In it, the court declared that "the evidence does not reasonably satisfy the court that there was a valid agreement between the parties effective to reduce the amount of alimony fixed in the original decree." But upon the authority of Morgan v. Morgan, 211 Ala. 7, 99 So. 185, when complainant sought to have process to collect the past-due installments, the court thought he could inquire into the needs of the children up to that time, and determine how much of the monthly sum was intended for the support of each child, and, as each child ceased to be dependent upon his mother, to deduct such amount as was supposed to be for his support from the amount of the decree—all in respect to past-due and unpaid installments.

Upon such assumption, he found and decreed that of the monthly sum of $100 provided in the original decree, $50 should be allocated to the wife, and $25 to each of the children until they reached majority, as a reasonable basis for the enforcement of the original decree, though he concluded that the decree itself did not make such allocation. He also concluded that such amounts as respondent paid monthly in excess of such sums should not be computed in ascertaining the balance due complainant on the basis of $50 per month, since such sums were voluntarily paid for the children. Making the computation on that basis, and including interest, he found a balance then due complainant of $1,733.73, and denied an allowance for attorney's fee in this proceeding.

Complainant contends that the effect was to modify the original decree as to past-due installments, and should have decreed the balance to be as found by the register on the basis of $100 a month, less payments made, leaving a balance due and unpaid of $4,925 on February 15, 1937, to which should be added interest, and further that an attorney's fee should be awarded her.

Cross-appellant contends that he should not be chargeable with any past-due sums because the amounts he paid were accepted in full; and in the alternative that there should be computed the amounts paid in excess of $50 after the minors, respectively, became of age, as well as other sums paid directly to them, and deducted from the balance ascertained to be due complainant.

Grouping those contentions, they all seem to depend upon two questions: (1) Whether the court had the right to make the allocation and deduction on account of the children, when considered as a legal question, without the consent of complainant; and (2) whether she agreed to a reduction of the amounts by accepting the monthly payments for the reduced amounts in full settlement of what was then due.

We think that the court misunderstood the holding in Morgan v. Morgan, supra, on which he relied. In that case the first deferred payment fell due July 16, 1919. The petition to modify was filed and acted on before it was due. In the time elapsing from the rendition of the decree, she had remarried, which was ground to modify. The court prorated the amount of the installment not then due, as of the date of the remarriage. This does not conflict with Epps v. Epps, 218 Ala. 667, 120 So. 150, in which the history of the right to modify a decree after divorce was rehearsed. Originally, after the expiration of the term, no right existed. Smith v. Smith, 45 Ala. 264. But, on account of a modern conception of permanent alimony, which allows a monthly allowance for support, though after decree of absolute divorce, it was thought that it was a harsh rule which would not permit of a modification based on changed conditions. In that case, it was held that the right was impliedly reserved as to all installments not matured, but, as to those matured, it remained a final judgment as any other decree for money. It also distinguished the situation from one where separate maintenance was made without a divorce.

In Atkinson v. Atkinson, 233 Ala. 125, 170 So. 198, the same distinction was made. That was a decree for separate maintenance, and the opinion reaffirmed the rule declared in the Epps Case, supra, as applicable to a decree for permanent alimony on decree for absolute divorce. See, also, Adams v. Adams, 229 Ala. 588, 159 So. 80.

We are not dealing with a separate maintenance suit, but with installments past due as provided in a decree for permanent alimony on absolute divorce.

■ While it is true that in a separate maintenance suit the court will consider the equities subsequently arising, and when the duty has been discharged in some form other than paying the money to the wife, it will be considered as discharged. That is the Atkinson Case, supra. But that was differentiated from a decree for permanent alimony on an absolute divorce. When so, it is a fixed moneyed judgment, as to past-due installments, which can only be discharged as any other such judgment. The court cannot go behind the scene and find out what was its purpose and see if that has been carried out without full payment in money though this can be done when the allowance is for separate maintenance without absolute divorce.

■ This does not of course mean that after a money judgment it cannot be shown that subsequent facts have occurred which are in equity a full settlement by the receipt of equivalent value in some form other than in a direct payment of money, or that the sheriff with execution has collected it, without making account of such collection. Henderson v. Planters' & Merchants' Bank, 178 Ala. 420, 59 So. 493.

But that does not justify an inquiry into the purpose sought to be accomplished by such a judgment, and then to show that such purpose has been otherwise accomplished. That is the essence of the contention here and of the decree as entered.

■ The fact that the custody of the children may be awarded to the wife is proper in determining the amount of alimony for her; but, unless an amount is separately awarded for them, the decree should not be treated as conferring a separate award. When not so, the subsequent removal of the burden of their care may be ground for modifying and reducing future installments, but it is not a necessary result. 19 Corpus Juris 275, § 625, p. 259, § 601.

■ There has been no petition to reduce filed by either complainant or respondent, relating to the past-due or the future maturing installments. Before there is a reduction, it must be so ordered on petition and showing such a change in the circumstances as justify it. If the wife does not need the full amount or if any legal reason exists why it should be reduced as to future payments, it must be alleged in the petition to reduce future installments. This is so because, though one need may be removed, another may have been added. The whole picture is viewed, not simply one feature of it, and that only in respect to installments subsequently maturing.

■ But, aside from all such considerations, respondent in argument on cross-assignments contends that the payments were each accepted in full of the current installments then due.

Without considering the question of whether such an acceptance was shown to have been upon sufficient consideration, we agree with the trial court in holding that it is not a proper inference from the facts shown, and there is no evidence of such an express agreement.

■■ Interest is properly chargeable on an amount which is ascertainable by a legal standard. Tennessee Coal, Iron & R. Co. v. Jourdan, 221 Ala. 106, 128 So. 132; Alabama Power Co. v. Allen, 218 Ala. 416, 118 So. 662; Mobile & Ohio R. Co. v. Williams, 219 Ala. 238, 121 So. 722, 730; Atlanta & B. Air Line Ry. v. Brown, 158 Ala. 607, 621, 48 So. 73. There was no error in allowing interest after default in paying deferred installments.

■ We think the court was correct in declining to award to complainant an amount for attorney's fee for prosecuting this suit. 19 Corpus Juris 228, § 544. It is like collecting any other sort of moneyed judgment. In divorce and alimony causes, the right to an attorney's fee is an incident to alimony, or separate maintenance. When the right to a decree fixing alimony or maintenance is exhausted, so is the right to an attorney's fee. McEvoy v. McEvoy, 214 Ala. 112, 106 So. 602; Higgins v. Higgins, 222 Ala. 44, 130 So. 677.

We think the court should proceed with the proper steps to be taken to collect the amount ascertained and reported by the register to be unpaid at the time of making his report, in the principal sum of $4,925, on February 15, 1937, and that interest should be added to the amount of each installment to the extent it was not paid, calculated until it is paid, and include such amounts as became due after the above date, and which are not paid.

If there is to be a modification of the decree of divorce, it must be done by petition to that end to apply to installments thereafter maturing, as suggested in the decree of June 9, 1937.

The cause should be remanded so that the principles here declared may be better enforced than by rendering a decree in this court.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.