**45 So.2d 25**

## SIMS v. SIMS.

### 8 Div. 532.

Supreme Court of Alabama.
March 2, 1950.

Bradshaw & Barnett, of Florence, for appellee.

FOSTER, Justice.

This is an appeal from a decree in equity modifying a provision in a former decree fixing alimony, granting a divorce and awarding the custody of children, and other relief not necessary here to mention.

The former decree was rendered December 22, 1948. The petition to modify was filed July 6, 1949. A decree granting the petition and making the modification was made July 15, 1949. The decree of December 22, 1948, contained the following finding of certain facts:

"The court ascertains and finds from the pleadings and proof that the respondent, Leroy Sims, has badly mistreated his wife

Potts & Young, of Florence, for appellant.

in their marital relationships, that he has deliberately withheld the recordation of a deed of conveyance to the home hereinafter described for the purpose of preventing the wife from securing an interest therein or any benefit or security therefrom; that he fraudulently and for the same purpose attempted to convey to members of his family household goods and other personal property, and that he for the same purpose removed deposits of money in two banks and in a safe deposit box, and the court upon consideration feels that it will not be an abuse of discretion to award a settlement in gross or a partial one to the wife on her claim for alimony. But there are other considerations involved which leads the court to believe that such an award would be impracticable. There are four minor children who must be provided for in future years and even more important is an adequate provision for their proper rearing, support, and education in this important phase of their lives, and these are days of inordinately high prices for food, clothing, and medical attention, and there is an outstanding claim for federal income taxes of approximately $4,000.00 for the collection of which a distraint notice has been lodged by the income tax authorities with the register and this sum must necessarily be paid by the respondent and if not paid the same will remain a claim or charge against his estate and possibly proceeds of future earnings, and in fact, non-payment might conceivably result in other and more drastic action. Anything which might impair the future earning power of the husband or which might result in a dissipation of the estate will not inure to the best interest of the minor children or the parties. Considering all facts the court finds a settlement of alimony in gross not advisable but does find that a lien should be impressed against the real estate hereinafter described as security for the wife and minor children and further finds that as liberal monthly allowances as possible should be decreed for the wife and children."

The decree awarded to this appellant the custody of the four minor children (ages approximately 13, 12, 9 and 5 years), and made a monthly allowance of $220.00 payable semimonthly, and declared a lien on the dwelling house and lot, settling the title to it and restraining this appellee from disposing of it in any way or mortgaging it. The decree also provided for the payment of an outstanding doctor's bill and $1,000.00 to appellant's counsel. There was no appeal from that decree.

It is shown in that case that this appellee owned an automobile free of incumbrance besides the house and lot. Also that on or about December 22, 1947, he drew from banks some $12,500.00 and from a safety box $2,000.00 to $3,000.00, and delivered to his father $6,500.00 in cash, all of which was returned to him by his father. He paid into court $5,600.00. He was shown to be a professional gambler and had no other occupation or business.

There was a hearing before the trial judge on the petition to modify. The only evidence introduced was the testimony of appellee, petitioner in this proceeding; that of an attorney as to a reasonable attorney's fee in the proceeding; that of a doctor as to the need of this appellant for eye treatment and glasses; and the record of the two suits as consolidated and the decree on them referred to above. One suit was for divorce and alimony and the other for discovery of assets and quieting of title to same.

There was no conflict in the evidence and the only duty of the court was to analyze it and determine from it whether there has been a substantial change in the financial ability of appellee from what it was on December 22, 1948, to the time of the hearing July 15, 1949, or other change of circumstances so as to justify a modification of the former decree. Colton v. Colton, 252 Ala. 442, 41 So.2d 398. The full line of our cases is there cited and need not be repeated. That is controlled by a consideration of his testimony on this petition in connection with his status on December 22, 1948.

Appellee testified that he earned nothing in 1948 and up to July 15, 1949, had earned $2,500.00 and collected $400.00 on an old debt. That his income tax (for the years 1943 to 1946), unpaid at the form-

er hearing, was about $4,500.00, and that he has since then paid about $3,600.00, leaving $1,070.00 now unpaid. Such payment was from funds which had been impounded. He sought and was granted permission to mortgage his house to obtain an amount sufficient to pay such balance. It was shown that in January 1949 he traded for a new Plymouth automobile, paying a difference of $510.00 cash and his old car valued at $1200.00, and that there was no incumbrance on it. He lived alone in the dwelling of six rooms and a bath. No part of the house was rented nor attempted to be rented because he says it needed repairs. His personal living expenses were estimated at five dollars a day. He testified that the gambling business was bad in 1949 and worse in 1948.

In rendering the decree on this petition the court stated: "The court recognizes the fact that the issue presented by the petition is whether or not there have been changed circumstances in the money or property either owned by or earned by the original respondent after the decree of December 22, 1948 as contrasted to before the rendition of said decree. In said December decree the court's decree was based largely upon income shown to have been earned and possibly in existence at some place, said incomes consisting of monies deposited by and later withdrawn by the petitioner from banks. The court now on this hearing determines from the testimony that undoubtedly there is no part of said monies still available for or owned by the petitioner, and therefore, action on the present petition is necessarily based on the matter of earning power pure and simple and this the court finds has been decreased also."

Upon that finding and reasoning the trial court reduced the monthly allowance for the support of the wife and minor children from $220.00 to $175.00, payable semimonthly on the 1st and 15th of each month, beginning August 1, 1949, and also provided that appellee be authorized and directed to execute a mortgage on said dwelling house and lot for $1,000.00 to secure a loan for that amount, and to pay the same to the United States Government on account of his income tax, and further decreed that appellee pay an attorney's fee for appel-

lant's solicitor in the sum of $25.00 for representing her in defense of the instant petition. The only evidence was that the attorney's services were worth $50.00. Appellant has no separate estate and earns nothing.

We cannot agree with the trial court that there was a change of circumstances which justified the modification. Aiken v. Aiken, 221 Ala. 67, 127 So. 819; Tidmore v. Tidmore, 248 Ala. 150, 26 So.2d 905; Colton v. Colton, 252 Ala. 442, 41 So.2d 398.

On the first hearing the trial court thought best not to award a definite lump sum for alimony, which could have been paid out of monies then in court and could have given her the use of the home, Smith v. Smith, 251 Ala. 694, 39 So.2d 230; Ex parte Gurganus, 251 Ala. 361, 37 So.2d 591; Sills v. Sills, 246 Ala. 165, 19 So.2d 521, but instead concluded that semimonthly payments were better and as to the home he concluded it would be better to charge it with a lien to secure said semimonthly payments and enjoin its disposition. Appellee had withdrawn from the banks a year before more than $12,500.00, which was immediately after their separation. He turned over to his father $6,500.00, which was returned to him. He paid into court $5,600.00 and claimed he spent the balance. He could have paid his income tax and repaired the house, and could have gone into a legitimate business. In July 1949 the only difference in his financial condition from what it was in December 1948 was the use of $3,600.00, which had been deposited in court, to pay on his income tax. Presumably the balance of the $5,600.00 was paid in court costs and attorney's fees. That was no change in his financial status. The use of the money was to pay claims then existing. While the money was used, the obligations were discharged, not changing his financial worth. The balance of the $12,500.00 and the $2,000.00 to $3,000.00 had been disposed of prior to December 1948, as he testified.

We do not think this status shows any such substantial change of circumstances as to justify a modification of the former decree. The petition to modify should have been denied in our opinion.

■■■ As to the matter of attorney's fees for appellant for defending against this

petition, appellant complains that it should have been at least $50.00 for services rendered in the trial and asks us to allow an additional fee for representing her on this appeal of approximately one-half of that sum.

We have made such an allowance pending an appeal. Windham v. Windham, 234 Ala. 309, 174 So. 500. We have reviewed the trial court in making such an allowance pending an appeal. Ex parte Taylor, 251 Ala. 387, 37 So.2d 656. But in none of those cases did the question arise as to a controversy contested after the decree of divorce had become effective and the parties were no longer man and wife. Such a question has given rise to differences of opinion. 17 Am.Jur. 436, section 541, page 441, section 552, and page 455, section 576; 14 A.L.R. 613; 27 Corpus Juris Secundum, Divorce, § 219(b) p. 914; 19 Corpus Juris, § 543, p. 228.

But we held that an attorney's fee necessary to aid in the collection of an amount awarded as alimony is not available and said that when the right to a decree fixing alimony is exhausted so is the right to an attorney's fee. Rochelle v. Rochelle 235 Ala. 526, 179 So. 825.

We have held that alimony and attorney's fees in the nature of suit money are dependent upon the existence of the marital relations, either admitted or proven. Ex parte Gurganus, 251 Ala. 361, 37 So.2d 591; Ex parte Jones, 172 Ala. 186, 55 So. 491. Those cases related to the question of whether there was such a relation. If not, the suit is vexatious and not prosecuted in good faith. The Supreme Court of Florida, overruling one of its cases, applied that principle to the instant situation and denied an allowance after divorce in such a proceeding. Vinson v. Vinson, 139 Fla. 146, 190 So. 454. But there is much authority to the contrary. 14 A.L.R. 614, et seq.; 27 Corpus Juris Secundum , Divorce, § 219(b), p. 914.

Counsel for appellee is not taking the position that the court does not have such power. Our Court does not seem to have had the question before it. But we are constrained to hold that the court has such power, since it is in the nature of a continuous proceeding in a case where the relation did exist and was only terminated by the decree which also provided for an attorney's fee and alimony, Epps v. Epps. 218 Ala. 667, 669, 120 So. 150, and the right to fix alimony is not exhausted. It should not be treated as one where there has never been a valid marriage, and where the proceeding is not supplementary to the decree of divorce or continuous in nature in respect to it. Although the power to award alimony is dependent upon the relation of husband and wife, yet when the decree of divorce makes provision for alimony that provision may be increased or decreased by subsequent proceedings, though the right to do so is not reserved in the divorce decree. Epps v. Epps, supra; Aiken v. Aiken, supra; Garlington v. Garlington, 246 Ala. 665, 22 So.2d 89. So that the court having the power to alter the allowance may provide for an attorney's fee as a feature of the power.

We have held that on a bill of review attacking a divorce decree for fraud but also seeking a decree of divorce and alimony pendente lite, the court could make such provision on a prima facie showing that the former decree was not valid. Ex parte Gurganus, supra; Golden v. Golden, 102 Ala. 353, 14 So. 638. This would of course include an attorney's fee. Ex parte Austin, 245 Ala. 22, 15 So.2d 710.

The duty to pay alimony is because of the duty of a man to support his wife. Ex parte Austin, supra. A divorce without provision for alimony cuts off the right. A divorce with provision for alimony creates a duty as there provided. It is continuing if so decreed notwithstandng a severance of the relation. If it is provided to be continuing, it is subject to the future control of the court whose jurisdiction over it continues to meet changed conditions. The relation of husband and wife gave rise to a power which is not terminated although the relation has terminated.

We think the allowance should be $50.00 for the services rendered in the trial court and $25.00 in this Court, making $75.00 in all. A decree will be here rendered dismissing the petition and providing for the

payment to appellant on her cross-bill of the sum of $75.00 as attorney's fees for representing her in this proceeding.

Reversed and rendered, and allowance made for attorney's fee.

BROWN, LIVINGSTON, LAWSON, SIMPSON and STAKELY, JJ., concur.