96 So.2d 809

Elmer A. JORDAN

v.

Viola Jackson JORDAN.

8 Div. 903.

Supreme Court of Alabama.

Aug. 22, 1957.

Sue Stokes, Gadsden, for appellant.

Starnes & Starnes, Guntersville, for appellee.

388

GOODWYN, Justice.

On June 22, 1954, the circuit court of Marshall County, in equity, granted a divorce to Viola Jackson Jordan from Elmer A. Jordan. In the decree the court confirmed an agreement between the parties concerning the care, custody and control of their two minor children, Elmer, Jr., and Gary. The agreement provided for the mother's custody during the school term and the father's custody during the school vacation months. The agreement also provided for the husband to pay to the wife the sum of $50 per month for the support and maintenance of the children.

On June 8, 1955, Mrs. Jordan filed a petition for modification of the original decree so as to give her full-time custody of the children and to require that payments for their support be made to the register. The petition also sought to have Mr. Jordan cited for contempt for failure to make the monthly payments as ordered in the original decree, it being averred that he was in arrears in the amount of $300. On June 28, 1955, the court granted the petitioner full-time care, custody and control of the children with the right of visitation by the father so long as he remained in a sober condition and did not remove the children from the home or premises of the mother. The decree of modification also provided that the monthly payments be made on or before the 15th day of each month and that each payment "be made to the register of the court and not at any time become more than 60 days in arrears."

On August 30, 1955, Mrs. Jordan filed a second petition seeking further modification and clarification of the decree as modified on June 28, 1955, by striking therefrom the provision that the monthly payments "not at any time become more than 60 days in arrears." The petition also prayed that Mr. Jordan be adjudged in contempt for failing to make the monthly payments due in June, July and August, 1955, in the total sum of $150; and that he be taxed with the costs of the proceeding "including a reasonable attorney's fee to the complainant's attorney." On September 16, 1955, a decree was rendered striking the words "not at any time become more than 60 days in arrears" from the prior decree of modification. The trial court also found that Mr. Jordan had failed to make the payments as ordered in the decree of June 28, 1955, and was delinquent in the sum of $200. The decree also taxed him with the court costs, including the sum of $50 as a reasonable fee for the petitioner's solicitor. It was directed that the register issue a writ of arrest for Mr. Jordan, commanding the sheriff of any county to take him in custody and "that he be confined in the county jail of Marshall County, Alabama, until such time as he purges himself of contempt by paying said sums and the costs of this proceeding." Although not specifically shown by the record, we understand that Mr. Jordan purged himself of the contempt by paying the amounts due.

On January 17, 1956, Mrs. Jordan filed a third petition reciting that Elmer, Jr., was afflicted with hypospadias, a condition requiring surgery and hospitalization; that an operation was necessary for his proper development and adjustment; that the operation is overdue and should be performed at the earliest possible moment; that she was without means to pay the hospital, medical and surgical bills required for the operation; that the respondent was gainfully employed and had an income adequate to provide the necessary hospital, medical and surgical treatment. The prayer was that Mr. Jordan be ordered to pay such hospital and surgical bills. Under the petition it was sought to have him cited for contempt in failing to make the $50 payments due for the months of December, 1955, and January, 1956.

The trial court noted in its decree, rendered on February 9, 1956, that all support pay-

ments due as of the date of the decree had been paid since the filing of the petition and that the respondent was not at the time of the decree in contempt of court. It was further found by the court that Elmer, Jr., was in need of immediate surgery, "the exact cost of which is not known at this time". The decree ordered Mr. Jordan to pay to the register, on or before July 1, 1956, the sum of $250 and an additional sum of $250 on or before December 1, 1956, for the purpose of taking care of the hospital and surgical bills. The decree further provided "that in the event said sum is insufficient to meet the reasonable and proper cost of said medical, surgical and hospital bills at the end of the calendar year 1956, the question can be reopened by proper petition filed, and in the event said sum exceeds said reasonable charges, the excess shall be, by order of the court, refunded to the said Elmer A. Jordan upon completion of said services."

On July 21, 1956, Mrs. Jordan filed a fourth petition to have Mr. Jordan cited for contempt for failure to make the support payments due in the months of May, June and July 1956, and the additional sum of $250 ordered to be paid on or before July 1, 1956, in connection with the surgical treatment of Elmer, Jr. The petition was set for hearing on August 10, 1956. At that time the cause was continued to September 14, 1956, "to give respondent a chance to purge himself of contempt proceeding." On September 14, 1956, the trial court found the respondent to be "in default under previous decrees of this court in the sum of $300.00 which he has willfully failed to pay" and adjudged him in contempt of court for failure to make said payments. The decree ordered that he be "committed to the custody of the sheriff of Marshall County, Alabama, to be by him held until all of said payments and all of the costs of this suit be paid into the hands of the register of this court, at which time and upon order of the register he will be released from custody." He was also taxed with the costs, "including the sum of $50.00 as a reasonable attorney's fee for complainant's solici-

tor." The decree further provided that it should be "held in abeyance for a period of ten days from this date provided said respondent make a good and valid appearance bond in the sum of $500.00 and make said payments or surrender himself for arrest."

On September 24, 1956, Mr. Jordan filed an "affidavit with appendices" reciting in substance that his failure to pay the sums ordered to be paid by him "is not due to any disrespect of the court and its decrees but is due solely and alone to his absolute inability to comply with the orders of the court." On September 24, 1956, the court modified its decree of September 14, 1956, "by extending the period of grace set out in paragraph 5 thereof for a total period of 90 days instead of 10 days."

On December 20, 1956, testimony was taken on the petition filed by Mr. Jordan on September 24, 1956. At the time of this hearing Mr. Jordan had failed to pay the sums as ordered. The court, at the conclusion of the hearing, had this to say: "I have worried along with this thing for over a year. Right now all I am going to say is it is just before Christmas and I am going to put off any decree until next year."

On February 18, 1957, the court rendered a decree adjudging the respondent guilty of willful contempt for his failure to pay the sums as ordered for the support and maintenance of his children and for the medical, surgical and hospital bills for Elmer, Jr. The decree further provided that he be "committed to the custody of the sheriff of Marshall County, Alabama, to be by him held until all of said payments and all of the costs of this court be paid into the hands of the register of this court at which time and upon order of the register he will be released from custody, and the register will issue all necessary writs to effect said results"; also, the respondent was taxed with the costs, "including the sum of $50.00 as a reasonable attorney's fee for complainant's solicitor of record."

■ It is from the decrees of February 9, September 14, and September 24, 1956, and February 18, 1957, that Jordan takes this appeal. Scott v. Scott, 265 Ala. 208, 210, 90 So.2d 813; Smith v. Smith, 218 Ala. 701, 702, 120 So. 167. He also petitions for a writ of certiorari or other appropriate writ for review of said decrees in event it should be determined that appeal is not appropriate. In this connection it is to be noted that the trial court set an "appearance bond on appeal at $1,500" which Jordan gave and by virtue of which he is not in the custody of the sheriff.

The appeal was taken on March 2, 1957. Hence, only those appealable decrees rendered within six months prior to that time are reviewable on this appeal. Code 1940, Tit. 7, § 788. The appeal from the decree of February 9, 1956, was not timely taken and is due to be dismissed. It was that decree which directed Jordan to make the two $250 payments to take care of the medical, surgical and hospital bills of Elmer, Jr. For the purposes of this review the decrees of September 14th and 24th may be disregarded since the matter there dealt with finally culminated in the decree of February 18, 1957, which adjudged Jordan guilty of contempt and ordered that a $50 solicitor's fee be taxed against him as a part of the costs. It is this last decree which presents the only questions before us, viz.: (1) The propriety of including in the costs, taxed against Jordan, the $50 fee for Mrs. Jordan's solicitor; and (2) the propriety of adjudging Jordan guilty of contempt and ordering him committed to the custody of the sheriff until such time as he purges himself by paying the sums as ordered.

■ It is our view that the appropriate method of reviewing the decree of February 18, 1957, is by certiorari (Jordan not being in confinement). Ex parte National Association for the Advancement of Colored People, 265 Ala. 356, 357, 91 So.2d 220, 221; Wetzel v. Bessemer Bar Ass'n, 242 Ala. 164, 165, 5 So.2d 722; Ex parte Dickens, 162 Ala. 272, 279, 50 So. 218.

(1)

■ It is apparent that the solicitor's fee allowed in the February 18, 1957, decree was incident to the petition to have Mr. Jordan cited for contempt and was not incident to the petition seeking modification of the allowances for maintenance and support. In this connection, we note in passing that the decree of February 9, 1956, which provided for the additional payments, made no allowance for a solicitor's fee.

■ We have held that "where the divorce decree provided for alimony and maintenance, such provision continues to be within the power of the court to modify on account of changed conditions and, since the court retains such right, there is incidental to it also the right to an attorney's fee under proper circumstances." Keith v. Paden, 255 Ala. 294, 298, 51 So.2d 9, 12. On the other hand, we have held that "when the right to a decree fixing alimony [or maintenance] is exhausted so is the right to an attorney's fee." Sims v. Sims, 253 Ala. 307, 311, 45 So.2d 25, 28, 15 A.L.R.2d 1246; McKinley v. McKinley, 241 Ala. 245, 246, 2 So.2d 451; Rochelle v. Rochelle, 235 Ala. 526, 529, 179 So. 825. In other words, the allowance of a solicitor's fee is not appropriate in a proceeding looking to the enforcement of an award already made.

(2)

■ The position taken by petitioner is that his failure to make the payments has been due to lack of ability to do so and not to a willful disregard of the court's decree ordering the payments. Evans v. Evans, 264 Ala. 2, 7, 84 So.2d 337, and cases there cited. Of course, his inability to pay was a question of fact which the trial court, from a consideration of testimony given ore tenus, resolved against him. We have carefully examined the evidence. Although the trial court might have found from the evidence that petitioner's position was well-taken, there is also sufficient basis in the evidence, we think, for the court's conclusion that the petitioner failed to establish

that he was unable in good faith to make the prescribed payments. It is to be observed that all of the proceedings between these parties have been before the same judge. He is unquestionably better advantaged than we to determine from the evidence heard by him whether petitioner is able to make the payments as ordered.

The entire record being already here we have given it consideration as though it were here in response to a writ of certiorari issued out of this court. When so considered, it follows, from what we have said, that the decree of February 18, 1957, is due to be reversed, insofar as it allows a solicitor's fee, and in all other respects it is due to be affirmed.

The appeal from the decree of February 9, 1956, is dismissed.

The decree of February 18, 1957, is reversed in part and affirmed in part.

LIVINGSTON, C. J., and LAWSON, SIMPSON, MERRILL and COLEMAN, JJ., concur.