Henry J. Latham, J.
This is an action to recover additional alimony claimed to he due under a decree of divorce entered in plaintiff’s favor in the State of Alabama upon the appearance of the defendant herein and for counsel fees she has been obligated to incur for the enforcement of her rights under said decree. While admitting the salient facts pleaded in the complaint, defendant has denied in his answer that there is any additional alimony due to the plaintiff and that he is obligated to pay her counsel fees. By way of counterclaim, he seeks an accounting for moneys he has remitted to the plaintiff since January 1,1955, for the maintenance and support of the minor children of the parties.
Plaintiff has now moved for summary judgment for the relief prayed for in the complaint. By cross motion, defendant moves for summary judgment dismissing each of the two causes of action set forth in the complaint and also to dismiss said complaint on the ground of legal insufficiency “ inasmuch as the context of the foreign decree of divorce is ambiguous, uncertain and vague and as such fails to establish a judicial debt for additional alimony and support in a certain amount.”
The parties were married in 1954 and have three infant children born of this marriage, none of whom has yet attained the age of 18 years and the plaintiff has not remarried. After the parties separated, they entered into an agreement, dated February 27, 1956, which was modified by an agreement, dated August 31,1956, in respects not material to the issues presented by this action. The defendant agreed to pay the plaintiff for her support and maintenance during their joint lives, or until the plaintiff shall remarry, and for the support, maintenance and education of the children until they attain the age of 18 years, or if a child attends college or a university, until said child attains the age of 21 years or marries: ‘ ‘ The sum of *981 $109.00 per week so long as the annual earnings of the Husband is $12,000 per year before taxes. The term 1 earnings ’ as herein used, shall mean all income received from regular place of employment as herein defined plus any and all income in excess of $500 received from other sources. ‘ Regular place of employment ’ shall mean any place where the Husband shall work five or more days a week for at least seven hours a day. In the event the Husband does not have a regular place of employment, the term * earnings ’ shall mean all income received from all sources. In the event the annual earnings of the Husband shall be increased or decreased, the aforesaid sum of $109.00 shall be increased or decreased in direct proportion to the increase or decrease of the earnings of the Husband after taxes. However, the amount payable to the Wife, as computed pursuant to the provisions hereof, for her support and maintenance and for the maintenance and education of the Children in any event shall not exceed $125.00 per week.” (Emphasis supplied.) It was also provided that: “In the event the Wife is compelled to bring any proceedings to enforce the terms of this separation agreement, the Husband agrees that the counsel fees incurred by the Wife in bringing such proceeding shall be chargeable to him and shall be due the Wife as and for further alimony.”
The decree of divorce, dated September 18,1956, incorporated the separation agreement, as modified by the parties, as follows:
“ Ordered, Adjudged and Decreed by the Court:
Í6 # * *
“ 4. That the Agreement between the parties dated February 27, 1956 as modified by Agreement of August 31, 1956, is ratified and confirmed by the Court as fully as if set out herein; and the Complainant is awarded the custody of the minor children of said marriage, Christine Hafstad, Laura Hafstad and Erik Hafstad, subject to the rights of visitation in the Respondent as set out in said agreements. The agreement of the parties for payments to be made by the Respondent for the support and maintenance of the wife and minor children of said marriage is ratified and confirmed and the Respondent is ordered to pay to the Complainant the sum of $109.00 per week, subject to the increase or decrease in the future as provided in said agreement.”
It is the contention of the plaintiff that she is entitled to recover additional alimony, pursuant to the terms of the separation agreement as incorporated in the divorce decree, for the *982 years 1956 through 1959 based upon the proportionate increase in the defendant’s net income since 1955. The defendant contends, however, that the provision for additional alimony is so indefinite, vague and uncertain as to be unenforcible and that in any event alimony was to be increased from $109 per week only when his income after taxes exceeded $12,000.
The agreement, however, does not bear this out. The provisions for computing alimony first laid down the point at which the escalator clause became operative and then the method for computing the increase or decrease in payments was provided. Thus, the $109 weekly payment was to be made ‘ ‘ so long as the annual earnings of the Husband is $12,000 per year before taxes.” Only when the gross income “ before taxes ” varied from $12,000 did the change become operative. Such change was not related to gross earnings, but, as set forth in the agreement, the “ $109.00 shall be increased or decreased in direct proportion to the increase or decrease of the earnings of the Husband after taxes.” This was a reasonable and practical provision intended to protect the defendant from having his obligation to pay alimony increased out of proportion to what may be called his ‘ ‘ take-home pay ’ ’ and such provision is sufficiently clear and unambiguous to permit arithmetical computation for the years 1956, 1957 and 1958, but not for 1959. Obviously, defendant’s annual income for the current year cannot be determined until the end thereof.
Inasmuch as the divorce decree “ratified and confirmed ” the agreement between the parties dated February 27, 1956, as modified by agreement of August 31,1956 “ as fully as if set out herein ” (emphasis supplied), the provision for the payment of counsel fees was likewise incorporated. The reasonableness of such counsel fees, however, cannot be determined summarily. Accordingly, while the court holds and determines that the defendant is now liable to the plaintiff for additional alimony for the years mentioned above and for counsel fees ‘ ‘ as and for further alimony,” the question of the amount of such additional alimony, including counsel fees, will be referred to an official referee for an assessment, in accordance with the provisions of rule 113 of the Rules of Civil Practice as recently amended.
It may be noted that the law of Alabama, whose decree is herein sought to be enforced, provides that alimony payments are vested when due. (Epps v. Epps, 218 Ala. 667; Rochelle v. Rochelle, 235 Ala. 526.) As was stated in the Epps case (supra, p. 669): “ past due installments had become a debt of record, a vested estate of the wife, beyond the power of the court to *983 destroy, whatever the hardship to the petitioner. His jurisdiction to modify the decree is limited to its prospective effect.”
Plaintiff’s motion is granted accordingly and the counterclaim of the defendant dismissed as without merit. Nowhere in the divorce decree, or in the separation agreement therein ratified and confirmed, is there a provision requiring the plaintiff to account for moneys received for the support and maintenance of the children. The defendant’s motion is in all respects denied.
Settle order.