This is an appeal from the Circuit Court of Jefferson County. The trial court ordered appellant Thomas E. Jernigan to pay $10,500 as attorney's fee to the attorney of his former wife, Jimmie T. Jernigan, the appellee in this cause. Appellant now prosecutes this appeal from that order of the trial court.
The issue before this court is whether the learned trial court erred to reversal by its above described order, which compensated appellee's attorney for services rendered after a decree of divorce was entered between appellant and appellee. We find that the learned trial court did so err, and reverse and remand the cause.
The record reveals the following pertinent facts:
The parties were divorced on April 18, 1969, by the Circuit Court of Jefferson County. The trial court's decree made provision for property settlement, alimony, child custody and visitation, attorney's fee, and other matters. Several provisions of this decree are germane to this appeal.
The decree ordered appellant to establish an irrevocable alimony trust with a corpus of $750,000 in favor of appellee. This trust was to be set up within three years from the date of the decree. Appellant was to maintain an escrow account in the amount of $750,000 prior to establishment of the trust.
Additionally, appellant was directed to convey the parties' homeplace, free of encumbrances, to appellee.
The decree also ordered appellant to pay $75,000 for the fees of appellee's attorneys: $25,000 of this sum was to be paid directly to the attorneys, while the remaining $50,000 was to be paid to appellee, who would in turn pay the monies over to her attorneys. This arrangement was motivated by federal and state income tax considerations. In this regard, appellant executed the following agreement in connection with the trial court's decree:
"To: Jimmie T. Jernigan
 "As further consideration for the memorandum of Agreement entered into today, I hereby agree to pay to you as additional property settlement an amount equal to any federal and state income taxes (including interest and penalties) which you may have to pay by reason of the disallowance of the deduction which you will claim for the $50,000 legal fee which you will pay your attorneys for their services in connection with your periodic alimony arrangements.
"/s/ Thomas Edgar Jernigan" *Page 180 
Appellee subsequently claimed the above-mentioned $50,000 as a deduction on her federal income tax. The permissibility of the deduction was challenged by the Internal Revenue Service. At this point, appellee discharged the attorneys who had represented her in the divorce proceedings and retained new counsel, who presently represents appellee on this appeal. Appellee's new counsel represented her in various proceedings before the Internal Revenue Service, including litigation in the United States Tax Court. Through counsel's efforts, the propriety of the $50,000 deduction was accepted by the Internal Revenue Service, so that no additional taxes, interest, or penalties were incurred by appellee due to that deduction having been claimed by her.
After the divorce decree, and before the trust noted above was established, various aspects of the trust not provided for in the decree had to be agreed upon by the parties. Certain problems also existed concerning funding of the trust. These matters required negotiations and other services of some extent between the parties' attorneys.
Apparently, there was also extensive disagreement between the parties after the divorce decree concerning custody and visitation of the children, which required some effort on the part of the attorneys to rectify.
As noted earlier, appellant was to convey the parties' homeplace to appellee free and clear of encumbrances. There was a $44,000 mortgage indebtedness on the home which appellant did not satisfy until over three years after the entry of the original decree, when counsel for appellee filed with the circuit court a petition to enforce the terms of the original decree.
Appellee's present counsel, who represented her in the tax litigation, also handled the trust, child visitation, and mortgage matters discussed above.
In July of 1975, appellee filed a petition for attorney's fee with the trial court. The petition prayed that the trial court order appellant to pay appellee a reasonable sum for the services of her attorney in the matters described above.
The trial court on October 20, 1975, ordered appellant to pay $10,500 to appellee as attorney's fee. Appellant appeals from that order.
We note at the outset appellant's contention that the trial judge was precluded from awarding appellee attorney's fees due to her ability to pay those fees herself. However, a party's affluence does not mean that he or she cannot be awarded attorney's fees, especially where, as here, both parties are apparently capable of paying their own attorneys. An award of attorney's fees is a matter for the sound discretion of the trial judge. See 8 Ala.Dig. Divorce 221, 223.
Our disposition of this case requires that we initially discuss the pertinent law of Alabama concerning awards of attorney's fees in divorce cases.
It is settled law that the trial court has the power to grant counsel fees incident to a decree of divorce. See 8 Ala.Dig.Divorce 221.
The power of the trial court to award attorney's fees in related proceedings between the parties, which proceedings occur subsequent to the decree of divorce, was originally in some dispute. See Sims v. Sims, 253 Ala. 307, 45 So.2d 25, 15 A.L.R.2d 1246. The Alabama Supreme Court case of Rochelle v.Rochelle, 235 Ala. 526, 179 So. 825, dealing with a contempt proceeding to enforce payment of accrued alimony installments, made the following statement in this regard:
 "We think the court was correct in declining to award to complainant an amount for attorney's fees for prosecuting this suit. 19 Corpus Juris 228, § 544. *Page 181 
It is like collecting any other sort of moneyed judgment. In divorce and alimony causes, the right to an attorney's fee is an incident to alimony, or separate maintenance. When the right to a decree fixing alimony or maintenance is exhausted, so is the right to an attorney's fee. McEvoy v. McEvoy, 214 Ala. 112, 106 So. 602; Higgins v. Higgins, 222 Ala. 44, 130 So. 677." (235 Ala. at 529, 179 So. at 829)
The Sims case, supra, dealt with a petition to modify the provisions of a prior divorce decree, and discussed the trial court's power to award counsel fees at some length. It was there held that counsel fees could be granted by the trial court in connection with proceedings to modify a prior divorce decree. The Sims court discussed the question before it as follows, in part:
 "But we are constrained to hold that the court has such power, since it is in the nature of a continuous proceeding in a case where the [marital] relation did exist and was only terminated by the decree which also provided for an attorney's fee and alimony, Epps v. Epps, 218 Ala. 667, 669, 120 So. 150, and the right to fix alimony is not exhausted. . . . Although
 the power to award alimony is dependent upon the relation of husband and wife, yet when the decree of divorce makes provision for alimony that provision may be increased or decreased by subsequent proceedings, though the right to do so is not reserved in the divorce decree. Epps v. Epps, supra; Aiken v. Aiken, supra; Garlington v. Garlington, 246 Ala. 665, 22 So.2d 89. So that the court having the power to alter the allowance may provide for an attorney's fee as a feature of the power.
. . . . . .
 "A divorce with provision for alimony created a duty as there provided. It is continuing if so decreed notwithstanding a severance of the relation. If it is provided to be continuing, it is subject to the future control of the court whose jurisdiction over it continues to meet changed conditions. . . ." (253 Ala. at 311, 45 So.2d at 29)
The Sims holding that counsel fees could be granted in modification proceedings has been followed innumerable times by the court of Alabama. See, e.g., Lyons v. Lyons, 279 Ala. 329,185 So.2d 121; Constantine v. Constantine, 274 Ala. 374,149 So.2d 262; Gambrell v. Gambrell, 268 Ala. 671, 110 So.2d 248.
Rochelle and Sims were distinguished in Keith v. Paden,255 Ala. 294, 51 So.2d 9, and Jordan v. Jordan, 266 Ala. 386,96 So.2d 809. Those cases hold that while attorney's fees may be awarded in modification proceedings, ". . . the allowance of a solicitor's fee is not appropriate in a proceeding looking to the enforcement of an award already made." (Jordan v. Jordan,266 Ala. at 390, 96 So.2d at 812) We note that this statement in Jordan referred to past-due alimony installments, which are a debt of record against the husband. Blackwood v. Kilpatrick,52 Ala. App. 505, 294 So.2d 753.
The rationale of the decided cases is apparently that the trial court's power to award attorney's fees upon rendition of original decrees is retained with respect to modification proceedings. However, that power is lost when an award becomes final. The distinction thus appears to be between enforcing the performance of an award which has already been finalized, and proceedings and negotiations to change an award or which lead up to its finalization. Child custody provisions, and periodic alimony awards which have not accrued, are never truly final, but are subject to the power of the court to modify on account of changed conditions. 8 Ala.Dig. Divorce 245, 303. Similarly, an award, even though embodied in a decree of divorce, which is not in sufficiently final form so that it can be performed by the parties, is subject to the power of the court so that attorneys' fees may be awarded for services looking to its finalization. *Page 182 
Section 39 (3) of Tit. 34, Code of Alabama 1940, passed by the legislature in 1970, permits attorney's fees to be awarded "in all suits for the recovery of alimony, maintenance or support in which . . . a contempt of court citation has been made by the court against either party . . ." While the judicial proscription against awards of counsel fees was thus abrogated in this particular situation, it remains in effect as to enforcement proceedings where no contempt citation is made.
Application of the foregoing principles to the situation before us gives the following results:
(1) The services rendered by appellee's counsel in connection with the tax matters discussed above are not the subject of a fee award by the trial court. The terms of the divorce decree, together with the companion agreement executed by appellant,supra, show an obligation to pay appellee $50,000 as attorney's fee and to reimburse her for any tax liability incurred in that regard. Appellant's agreement to pay appellee's tax liability makes no mention of attorney's fees for litigating that liability; such a provision could easily have been inserted had the parties so intended. A court cannot rewrite a contract for the parties. Williston on Contracts, 3d Edition, § 61OA; Boardof School Com'rs. of Mobile County v. Hudgens, 274 Ala. 647,151 So.2d 247.
It is clear that attorneys' fees incurred in tax litigation were not contemplated by the parties as payable by appellant. Appellant's obligation as set out by the decree and agreement is in its final form; no necessary particulars of performance are omitted. The services of appellee's counsel did not concern finalizing or modifying that obligation, but instead were completely collateral to any proceeding over which the court retained the power to award counsel fees.
(2) Similarly, it was not permissible for attorney fees to be awarded for services which concerned appellant's satisfaction of the mortgage liability on the homeplace. This obligation of appellant was also final, and counsel's services looked toward enforcing its performance.
(3) However, counsel fees could properly be awarded for services rendered in connection with the trust agreement. These services concerned specifying or modifying the requisite details of the trust between the parties, and were compensable by the court.
(4) Counsel's services which concerned settling the parties' disagreements as to visitation and custody were also compensable by way of a fee award. Child custody matters are never final, as noted earlier, and counsel's services involved negotiations to modify the parties' arrangements in order to prevent litigation.
Our examination of the trial court's order in the cause, the record, and briefs of counsel has not shown what value can be placed on the various different services performed by appellee's attorney. The pleadings and the record clearly demonstrate that the proceedings in the trial court emphasized counsel's efforts as regards the tax matter, which efforts are not the subject of a fee award.
The learned trial court is in the most advantageous position to ascertain the value of counsel's services for which a fee award may properly be made. We therefore reverse and remand the cause to the trial court for entry after a hearing, if such is necessary, of an appropriate award compensating appellee's attorney for his services regarding the trust and child custody matters discussed above.
REVERSED AND REMANDED WITH INSTRUCTIONS.
WRIGHT, P.J., and BRADLEY, J., concur. *Page 183