The husband appeals from an order awarding the wife $45,000 in attorney's fees for services rendered in connection with the sale of property divided between the parties by the original divorce decree in 1978.
There was an extensive property division made by the court in the original divorce decree. The property involved here is a 3,000-acre farm in Morgan County, Alabama, acquired by the husband prior to the marriage. In the divorce decree the court found the market value of the farm to be $380,000, subject to a mortgage of $60,000 to $70,000. The husband was ordered to meet the mortgage payments as they came due, together with ad valorem taxes. Jurisdiction of the property for the purpose of selling it for division when a sale could be obtained was reserved. When the sale was completed, the payments made on the mortgage and taxes were to be repaid to the husband after which the net proceeds were ordered divided — seventy percent to the wife and thirty percent to the husband.
In concluding the eight-page divorce decree, the husband was ordered to pay the wife $2,500 per month as periodic alimony, pay the real estate appraiser's fee of $5,900 and pay to the wife $25,634.15 as an attorney fee and expenses.
The original decree was appealed by the husband and was affirmed by this court in the case of Robinson v. Robinson,381 So.2d 637 (Ala.Civ.App.). Certiorari was denied by the supreme court on March 28, 1980. 381 So.2d 641 (Ala. 1980).
In May 1980 the husband filed a pleading in the case, offering to purchase the farm by paying to the wife seventy percent of the $380,000 found by the court to be the market value, less the deductions directed in the original decree and the balance due on the mortgage. He calculated the sum then due the wife to be $212,025.99.
The wife filed a counter offer of $10,000 more for the husband's thirty percent interest than he would have received if the *Page 428 
property sold for $380,000. The husband raised his offer by $25,000. Each filed 60 (b) motions to set aside the directed division of the proceeds of a sale of the property. The wife filed a petition for Rule Nisi for failure of the husband to make payments to her otherwise due from the original decree. She also sought restraint of the husband from interfering with her efforts to procure purchasers for the property.
These pleadings and motions were set and heard by the court first on June 19, 1980. Subsequently on September 17, 1980, evidence was heard orally at length on matters transpiring between the parties since the divorce decree relating to this particular property. Much of the evidence related to the apparent difference in the actual market value of the property from that of $380,000 determined by the court in 1978. It was disclosed that there were two offers of purchase at the figures of $730,000 and $755,000 respectively. On the first offer of $730,000, a commission to a real estate agent had been promised by plaintiff. The second offer of $755,000 required payment of a $35,000 commission.
The taking of testimony was interrupted by a request for consultation of counsel. There subsequently followed an offer from defendant-husband to pay to plaintiff-wife the net sum, in cash within sixty days, of $425,000 for her seventy percent interest in the property. Counsel for plaintiff agreed that such offer was equal to or better than the other offers received by the court insofar as benefit to the plaintiff. He announced he was unable to agree to a judgment by consent. However, he said he would not resist a judgment so entered by the court.
The court directed counsel for defendant to draft a recommended judgment in consultation with counsel for plaintiff and submit such satisfactory draft to him. The court thereafter drew its "final decree and order" on September 19, 1980, stating therein that the parties waived all of the pleadings and motions previously filed and further waived the right for public sale of the Morgan County property. The decree thereafter granted the proposal of the defendant to purchase the interest of plaintiff for the net sum of $425,000, payment to be made in cash within sixty days. In return, plaintiff was directed to convey by deed her interest to defendant.
In the event defendant failed to perform, sale was to be made to the second bidder for $730,000. If that bidder failed to perform, the third bid was to be accepted.
If defendant performed, the costs of court were divided equally between the parties.
Defendant did perform and paid plaintiff the $425,000. An order of confirmation was entered by agreement by the court on November 13, 1980.
On November 14, 1980, plaintiff moved for an award of attorney fees and the taxing of costs. Defendant answered that an additional attorney fee was not due as a matter of law and that if such were not the case, plaintiff should be estopped because she had previously accepted the award for her interest and waived all other matters before the court.
The court heard testimony and briefs of counsel. He then entered judgment on January 26, 1981, awarding to plaintiff an attorney fee of $45,000. Defendant appeals.
In the case of Jernigan v. Jernigan, 335 So.2d 178
(Ala.Civ.App. 1976), the court discussed at considerable length previous decisions of the appellate courts of Alabama relating to the power of trial courts to award attorney fees to the wife in divorce cases. Our conclusions from the decisions cited and quoted from in Jernigan were stated as follows:
 The rationale of the decided cases is apparently that the trial court's power to award attorney's fees upon rendition of original decrees is retained with respect to modification proceedings. However, that power is lost when an award becomes final. The distinction thus appears to be between enforcing the performance of an award which has already been finalized and proceedings and negotiations to *Page 429 
change an award or which lead up to its finalization.
Jernigan at 181. The "award" referred to in this quotation is that of alimony. In divorce cases, the right to attorney fees is an incident to alimony. Rochelle v. Rochelle, 235 Ala. 526,179 So. 825 (1938).
We have previously said herein that the original divorce decree providing for periodic alimony, and ordering various aspects of property division and settlement of equities between the parties, including settling their respective interests in the Morgan County farm, was final in all respects and affirmed upon appeal. That decree included an award of attorney fees to the wife for the services of her attorney in obtaining such awards. There can be no question but that the award of the interests of the parties in the farm was final and vested. It was not subject to modification. The only matter remaining to be performed was the sale of the property and a division of the proceeds as previously ordered. An award of alimony in gross or a division of property is final in all respects and not subject to modification after thirty days. DuBoise v. DuBoise, 275 Ala. 220, 153 So.2d 778 (1963); Culverhouse v. Culverhouse,389 So.2d 937 (Ala.Civ.App. 1980).
The intervening complication which precipitated the respective petitions of the parties in this case was twofold. First, defendant sought to be the purchaser of plaintiff's interest at the market value declared by the court in its original decree. Second, it was learned that such amount was greatly less than the true value. The latter fact caused the problem and required the action of the court to redetermine the true value of the land and enforce the sale and distribution as previously ordered. Even with the reservation of jurisdiction in the decree of 1978, there could not have been a modification of the determination of the equities and the division of the interest of the parties which was finalized in 1978. DuBoise at 224, 228, 153 So.2d 778.
The result of the services of the court was a windfall to the plaintiff. Her seventy percent interest in the land brought almost twice the sum it was thought to be worth when given her by the court in 1978. We find her not entitled by law to a further award of attorney fees.
We also consider plaintiff's action in entering the agreement to accept the sum of $425,000 from defendant as a net sum for her interest rather than causing a sale to be made to one of the bidders; waiving of all other matters pending by both parties; consenting to entry of the judgment affirming the purchase of her interest for the agreed sum; accepting the money and executing the deed for her interest and the joining in the joint petition requesting confirmation by the court of all that had been done, constitutes an equitable estoppel from claiming and receiving an attorney fee. Mazer v. Jackson Ins.Agency, 340 So.2d 770 (Ala. 1976); Maner v. Maner, 279 Ala. 652, 189 So.2d 336 (1966).
For these reasons, we find the court erred in its judgment of January 26, 1981, and its subsequent amendment granting an attorney fee of $45,000 to plaintiff. For such error that judgment is reversed.
REVERSED AND REMANDED.
BRADLEY, J., concurs.
HOLMES, J., dissents.