WRIGHT, Presiding Judge.
This is a divorce case involving child custody and visitation rights.
The parties herein, Denise and Johnny Garrison, have been married to each other twice, the last marriage apparently beginning in late 1978. Their two-year-old daughter Melissa was born during this marriage, and Mr. Garrison legally adopted Mrs. Garrison’s eight-year-old son, Dennis. The son has a serious health problem. On August 14,1981, Mr. Garrison petitioned for temporary custody of the children alleging that the wife was suffering from a mental disorder and was not competent to have the children. He also asked for a restraining order against the wife. At the time of the petition, Mrs. Garrison was in a hospital in Birmingham. The husband’s petition was granted ex parte on the same day it was filed. Mrs. Garrison denied the allegations and requested a hearing. The husband amended his petition to include a prayer for divorce. He alleged incompatability of temperament and irretrievable breakdown of the marriage based on the wife’s infidelity and misconduct. For the four months between the temporary custody order and the hearing, Mrs. Garrison resided in Michigan with her parents, and was unemployed. The husband is employed as a foreman with Monsanto in Decatur, Alabama.
The court heard the testimony on December 10, 1981, and entered its final decree. The court found that it was in the best interest of the minor children to award their custody to Mr. Garrison. Mrs. Garrison was granted reasonable visitation, but only at the children’s residence. From that order she appeals. She contends that the trial court abused its discretion in awarding custody of the children to the husband, or in the alternative in restricting her visitation to the children’s residence.
The decision of the trial court after an ore tenus hearing is presumed correct and will only be reversed for plain and palpable abuse of discretion. Gorman v. Gorman, 392 So.2d 238 (Ala.Civ.App.1980); Keleher v. Keleher, 389 So.2d 1160 (Ala.Civ.App.1980). Child custody is within the trial court’s sound discretion. Warren v. Warren, 386 So.2d 1166 (Ala.Civ.App.1980); Marr v. Marr, 383 So.2d 194 (Ala.Civ.App.1980). The paramount consideration is the best interest of the child or children. Gandy v. Gandy, 370 So.2d 1016 (Ala.Civ.App.), cert. denied, 370 So.2d 1019 (Ala.1979). We note that the son is not Mr. Garrison’s natural child, but has been legally adopted by him. Despite this fact, it is obvious that the trial court found it in the boy’s best interest to remain with Mr. Garrison. There was ample evidence to support that decision and we find no abuse of discretion.
Visitation rights of the parties are also within the trial court’s discretion. Crane v. Crane, 392 So.2d 242 (Ala.Civ.App.1980). We find no abuse of discretion in that respect either.
We note that both custody and visitation are subject to modification upon changed circumstances at a later time. See Jernigan v. Jernigan, 335 So.2d 178 (Ala.Civ.App.1976).
No attorney’s fees are awarded on appeal.
This cause is due to be affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.