ON APPLICATION FOR REHEARING
RUSSELL, Judge.
This court’s original opinion, dated August 21, 1992, is withdrawn, and the following is substituted therefor:
The parties were divorced on July 7, 1989. The trial court ordered the husband to pay $1,000 per month alimony and the mortgage payments on the marital home. It further ordered that the parties were to jointly own the property as tenants in common, with the wife to have the use of the home until she remarried, cohabited, ceased to use the home as her primary home, or *619 died. At that time the home is to be sold and the proceeds divided.
In March 1990 the wife filed a “petition for contempt citation and for modification.” The husband counterclaimed for “rule nisi and modification of the divorce decree.” The wife was awarded $4,624 for alimony arrearage and interest, $5,897.78 for the wife’s portion of a certificate of deposit that the husband used for himself, and $1,750 for attorney’s fees.
On November 13, 1990, the husband filed a petition for rule nisi and for modification of the divorce decree, alleging that he had been terminated from employment; requesting that the alimony payments be reduced, terminated, or suspended; and asking the trial court to order the sale of the marital home and the application of his equity to the alimony arrearage. On December 12, 1990, the wife filed a motion for writ of arrest, alleging that the husband had not paid the November 15, 1990, and December 1, 1990, alimony and arrearage payments, thereby failing to comply with the trial court’s order. On January 7,1991, the husband was found to be in arrears in the amount of $500 and was ordered to pay that amount by 5:00 p.m. .on that date. The wife then filed an answer to the husband’s petition and a counterclaim for contempt.
After a hearing on March 15, 1991, the trial court issued an order that provided as follows: The husband was granted credits against alimony arrearage in the amount of $42 for excess insurance premiums paid by him and for $138.30 for taxes that should have been paid by the wife; the husband’s request for the sale of the marital home was denied; the husband’s obligation to pay alimony was partially suspended, and he was ordered to pay $250 per month, with the balance of the $1,000 per month alimony to accrue as an arrearage; and the husband was found to be $1,249.35 in arrears in mortgage payments and an additional $4,500 in arrears in alimony, subject to retroactive partial suspension. The trial court further found that the husband had not made reasonable efforts to find employment, that “his obsession with the terms of the divorce decree” caused his termination from his employment, and that, although he had the ability to withdraw pension benefits in the amount of $1,000 to $1,200, he had failed to request the funds. The husband was ordered to pay $1,250 toward mortgage payments and to be incarcerated until that amount was paid. The wife was granted $1,000 for attorney’s fees and a judgment for her portion of the certificate of deposit utilized by the husband. All judgments were to be cumulative and did not include other prior judgments.
A review of the cause was set for March 22, 1991, after the husband had been incarcerated for seven days without having purged himself of contempt. The husband, after a conversation with the trial judge, agreed to purge himself of contempt by transferring his rights in and to his pension plan benefits through his former employer and his right, title, and interest in and to the marital home to the wife. The amount collected from the pension plan benefits was to be credited against the judgments for arrearages. A deed to the marital home was to be executed in favor of the wife “as security against the judgments previously entered in this cause against the former husband.” The order further provided that
“[a]t such time as the former wife may sell said real property, an accounting shall be made and if the former husband’s share of the proceeds of said property, as defined in the final decree of divorce previously entered herein, exceeds the amounts owed by the former husband to the former wife at said time, by virtue of prior judgments entered herein and/or alimony accrued to the date of said sale, the former husband shall be entitled to credit for any excess of funds.”
The husband was to continue to be liable for the mortgage payments as previously ordered “as additional support for the former wife, said payments to be in addition to the temporarily suspended payments of periodic alimony as provided in this court’s prior order herein.”
*620 The husband subsequently filed a motion for clarification. In response the trial court issued an order stating that its intent regarding the marital home was to state the parties’ agreement that the husband would convey his interest in the property to the wife and that at such time as the property was sold by the wife, an accounting would be held and the husband’s share of the proceeds applied against his arrearag-es. Any excess funds would be applied against other accumulated obligations or future obligations. The trial court further stated that full title to the property would be conveyed to the wife and that the term “security” was used merely to indicate that there was to be a conveyance to the wife and that she would control the property, subject to the husband’s rights to an accounting.
On August 26, 1991, the husband filed a petition for modification, stating that he was employed and earning $1,000 per month and requesting a modification by terminating, suspending, or reducing the alimony. On February 10, 1992, the trial court issued an order granting the husband’s request for modification, reducing the alimony to $350 per month, and ordering that the wife be responsible for the mortgage payments. It further found that the husband had failed to pay the mortgage payments as ordered, that he had continued to place other priorities ahead of his obligations to the former wife, and that punishment for contempt would not be in the best interest of either party. It also found that the total arrearage was $28,-741.96, less a credit of $1,670.96 for the value of the pension plan, leaving a current arrearage of $27,071. The wife was awarded a judgment for this amount, which was deemed to include the amounts from all prior judgments.
The husband filed a “motion to alter, amend, or vacate judgment and motion for a new trial,” which was denied by the trial court. The husband appeals. We affirm.
The husband contends that the trial court erred in determining the amount of total arrearage that he owed without giving him credit for the value of his equity in the marital home that he transferred to the wife. He also contends that the trial court erred in determining in its order filed February 10, 1992, that he was in contempt of court for failure to make the mortgage payments.
The husband claims that all judgments prior to the March 22, 1991, order were satisfied by the conveyance of his interest in the pension benefits and the marital home and that he now has a judicial lien to the extent that his equity in the property would exceed the value of the prior judgments. He states that arrearages accruing from April 1991 through February 1992 total $11,428.78 and claims that the judgment against him should have been in that amount. He cites Rochelle v. Rochelle, 235 Ala. 526, 179 So. 825 (1938), for the proposition that a money judgment may be satisfied by the receipt of equivalent value in some form other than the direct payment of money. However, the trial court clearly stated in its March 22, 1991, and May 6, 1991, orders that the husband’s share of the proceeds from the sale of the marital home would be applied against his arrear-ages at the time that the property was sold by the wife. The husband did not appeal from those orders. Therefore, his argument comes too late, and we will not reverse the trial court.
Regarding the husband’s next contention, that the trial court erred in finding that he was in contempt of court for failure to pay the mortgage payments, the trial court stated that the husband failed to “at least partially pay toward said mortgage payments.” However, it stated that it did not find that “punishment for contempt by incarceration would be in the best interest of either of the parties and must further find that the former husband does not now have current assets from which to purge himself of contempt. Therefore, no punishment is hereby assessed with regard to the former husband’s failure.... ” In view of the fact that the trial court did not state that the husband was in contempt of court and did not order punishment for contempt, we find no merit to this contention and pretermit any further discussion of it.
*621 The judgment is due to be affirmed.
The wife requests an attorney’s fee for representation on appeal. That request is granted in the amount of $400.
ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; APPLICATION FOR REHEARING OVERRULED; AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.